UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
SHARON LaFIA

                                 22-cv-07925-PCG-JLC

                     Plaintiff,

   -against-                                **DEFENDANTS'
ANSWER TO THE
AMENDED COMPLAINT
WITH COUNTER-
CLAIMS**

NEW YORK CITY, BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a
THE NEW YORK CITY DEPARTMENT OF EDUCATION,
JEFFERY EUSTACHE, in his individual and his official capacity,
PRINCIPAL INDIRA MOTA, in her individual and official
capacity, LINDSAY CICILLINI, in her individual and office
capacity, NEW YORK CITY LAW DEPARTMENT, FORMER
NEW YORK CITY LAW DEPARTMENT ATTORNEY
BRITTNEY JORDAN FINDER, in her individual and her
official capacity, and JOHN and JANE DOES NOS. 1-10,

                     Defendants.
-------------------------------------------------------------------------------X

       Defendants, NEW YORK CITY, BOARD OF EDUCATION OF THE CITY SCHOOL

DISTRICT OF THE CITY OF NEW YORK a/k/a THE NEW YORK CITY DEPARTMENT

OF EDUCATION, JEFFERY EUSTACHE, in his individual and his official capacity,

PRINCIPAL INDIRA MOTA, in her individual and official capacity, LINDSAY CICILLINI, in

her individual and office capacity, NEW YORK CITY LAW DEPARTMENT, and FORMER

NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER, in

her individual and her official capacity, by their attorneys, ABRAMS, GORELICK,

FRIEDMAN & JACOBSON, LLP, for his Answer to the Amended Complaint, respectfully

alleges as follows:

1

## INTRODUCTION

1.      Deny the allegations in paragraph "1," of the Amended Complaint.

2.      Deny the allegations in paragraph "2," of the Amended Complaint.

3.      Deny the allegations in paragraph "3," of the Amended Complaint except Defendants admit that they did not produce any data from the cellphone because all the relevant data was deleted by the Plaintiff before her meeting with BRITTNEY JORDAN FINDER.

4.      Deny the allegations in paragraph "4," of the Amended Complaint.

5.      Deny the allegations in paragraph "5," of the Amended Complaint.

6.      Deny the allegations in paragraph "6," of the Amended Complaint.

7.      Deny the allegations in paragraph "7," of the Amended Complaint.

8.      Deny the allegations in paragraph "8," of the Amended Complaint.

9.      Deny the allegations in paragraph "9," of the Amended Complaint.

10.      Deny the allegations in paragraph "10," of the Amended Complaint.

11.      Deny the allegations in paragraph "11," of the Amended Complaint.

12.      Deny the allegations in paragraph "12," of the Amended Complaint.

13.      Deny the allegations in paragraph "13," of the Amended Complaint.

14.      Deny the allegations in paragraph "14," of the Amended Complaint.

15.      Deny the allegations in paragraph "15," of the Amended Complaint.

16.      Deny the allegations in paragraph "16," of the Amended Complaint except Defendants admit that on or about October 2, 2019, Defendant JEFFREY EUSTACHE was restored to service and placed back in the classroom with Plaintiff.

17.      Deny the remaining allegations in paragraph "17," of the Amended Complaint except Defendants admit that Plaintiff and Defendant, JEFFREY EUSTACHE were not separated.

18.      Deny the allegations in paragraph "18," of the Amended Complaint.

19.      Deny the allegations in paragraph "19," of the Amended Complaint.

20.      Deny the allegations in paragraph "20," of the Amended Complaint except Defendants admit that Plaintiff participated in a formal disciplinary hearing and she was found not guilty of several charges.

21.      Deny the allegations in paragraph "21," of the Amended Complaint.

22.      Deny the allegations in paragraph "22," of the Amended Complaint.

23.      Deny the allegations in paragraph "23," of the Amended Complaint.

24.      Deny the allegations in paragraph "24," of the Amended Complaint.

25.      Deny the allegations in paragraph "25," of the Amended Complaint.

26.      Deny the allegations in paragraph "26," of the Amended Complaint.

27.      Deny the allegations in paragraph "27," of the Amended Complaint.

28.      Deny the allegations in paragraph "28," of the Amended Complaint except Defendants admit that Plaintiff was transferred out of the school.

29.      Deny the allegations in paragraph "29," of the Amended Complaint.

**JURISDICTION AND VENUE**

30.      Admit that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this paragraph except Defendants deny the remaining allegations set forth in paragraph "30," of the Amended Complaint.

31.      Admit that Plaintiff purports to state the basis for venue for this action as set forth in this paragraph except the Defendants deny the remaining allegations set forth in paragraph "31," of the Amended Complaint except Defendants.

32.     Admit that Plaintiff purports to commence this action pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986 except Defendants deny the remaining allegations set forth in paragraph "32," of the Amended Complaint.

33.     Admit that Plaintiff purports venue is proper in the Southern District of New York in this paragraph except the Defendants deny the remaining allegations set forth in paragraph "33," of the Amended Complaint.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

34.     Deny the allegations set forth in paragraph "34," of the Amended Complaint except Defendants admit that Plaintiff purports to have timely commenced this action.

35.     Deny the allegations set forth in paragraph "35," of the Amended Complaint except Defendants admit that Plaintiff filed a Notice of Claim and commenced an action in the Supreme Court, New York County.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36," of the Amended Complaint.

37.     Deny the allegations in paragraph "37," of the Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38," of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39," of the Amended Complaint except Admit that a right to sue letter was issued by the EEOC on July 14, 2022.

40.     Deny the allegations set forth in paragraph "40," of the Amended Complaint except Defendants admit that this action was commenced within ninety (90) days of July 14, 2022.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41," of the Amended Complaint.

42.     Admit that Plaintiff purports to amend the complaint as a matter of right in paragraph "42," of the Amended Complaint. Defendants will refer all questions of law to the court.

## **PARTIES**

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43," of the Amended Complaint except Defendants admit that the Plaintiff is employed by the DOE as Special Education teacher.

44.     Deny the truth of the allegations set forth in paragraph "44," of the Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45," of the Amended Complaint.

46.     Admit the truth of the allegations set forth in paragraph "46," of the Amended Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47," of the Amended Complaint except Defendants admit that BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a THE NEW YORK CITY DEPARTMENT OF EDUCATION is a municipal entity.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48," of the Amended Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set form in paragraph "49" except Defendants admit that NEW YORK CITY LAW DEPARTMENT employed BRITTNEY JORDAN FINDER.

50.     Deny the truth of the allegations set forth in paragraph "50," of the Amended Complaint except Defendants admit that Plaintiff purportedly sued BRITTNEY JORDAN FINDER in her individual and official capacity.

51.     Admit that Plaintiff purportedly refers to BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY LAW DEPARTMENT and FORMER NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER as "NYC Defendants."

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52," of the Amended Complaint except Defendants admit that JEFFERY EUSTACHE is employed by the DOE as paraprofessional.

53.     Deny the truth of the allegations set forth in paragraph "53," of the Amended Complaint.

54.     Deny the truth of the remaining allegations set forth in paragraph "54," of the Amended Complaint except Defendants admit that PRINCIPAL INDIRA MOTA is the principal of I.S. 171.

55.     Admit the truth of the allegations set forth in paragraph "55," of the Amended Complaint.

56.     Deny the truth of the allegations set forth in paragraph "56," of the Amended Complaint.

57.     Admit that Plaintiff purportedly refers to DOE, JEFFERY EUSTACHE, PRINCIPAL INDIRA MOTA AND LINDSAY CICILLINI as "DOE Defendants."

58.     Deny the truth of the allegations set forth in paragraph "58," of the Amended Complaint.

59.     Admit that Plaintiff purportedly refers to the NEW YORK CITY, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a THE NEW YORK CITY DEPARTMENT OF EDUCATION, JEFFERY EUSTACHE, in his individual and his official capacity, PRINCIPAL INDIRA MOTA, in her individual and official capacity, LINDSAY CICILLINI, in her individual and office capacity, NEW YORK CITY LAW DEPARTMENT, FORMER NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER, in her individual and her official capacity, and JOHN and JANE DOES NOS. 1-10 as "Defendants".

## FACTS

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60," of the Amended Complaint except Defendants Admit that the Plaintiff is employed by the DOE.

61.     Deny the truth of the allegations set forth in paragraph "61," of the Amended Complaint.

62.     Deny the truth of the allegations set forth in paragraph "62," of the Amended Complaint.

63.     Deny the truth of the allegations set forth in paragraph "63," of the Amended Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64," of the Amended Complaint.

65.     Deny the truth of the allegations set forth in paragraph "65," of the Amended Complaint.

66.     Deny the truth of the allegations set forth in paragraph "66," of the Amended Complaint.

67.     Deny the truth of the allegations set forth in paragraph "67," of the Amended Complaint.

68.     Deny the truth of the allegations set forth in paragraph "68," of the Amended Complaint.

69.     Deny the truth of the allegations set forth in paragraph "69," of the Amended Complaint and Deny the contents of the affidavit except Defendants admit that Plaintiff submitted an affidavit.

70.     Deny the truth of the allegations set forth in paragraph "70," of the Amended Complaint.

71.     Deny the truth of the allegations set forth in paragraph "71," of the Amended Complaint.

72.     Deny the truth of the allegations set forth in paragraph "72," of the Amended Complaint.

73.     Deny the truth of the allegations set forth in paragraph "73," of the Amended Complaint.

74.     Deny the truth of the allegations set forth in paragraph "74," of the Amended Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75," of the Amended Complaint.

76.     Deny the truth of the allegations set forth in paragraph "76," of the Amended Complaint.

77.     Deny the truth of the allegations set forth in paragraph "77," of the Amended Complaint.

78.     Deny the truth of the allegations set forth in paragraph "78," of the Amended Complaint.

79.     Deny the truth of the allegations set forth in paragraph "79," of the Amended Complaint.

80.     Deny the truth of the allegations set forth in paragraph "80," of the Amended Complaint.

81.     Deny the truth of the allegations set forth in paragraph "81," of the Amended Complaint.

82.     Deny the truth of the allegations set forth in paragraph "82," of the Amended Complaint.

83.     Deny the truth of the allegations set forth in paragraph "83," of the Amended Complaint.

84.     Deny the truth of the allegations set forth in paragraph "84," of the Amended Complaint.

85.     Deny the truth of the allegations set forth in paragraph "85," of the Amended Complaint.

86.     Deny the truth of the allegations set forth in paragraph "86," of the Amended Complaint.

87.     Deny the truth of the remaining allegations set forth in paragraph "87," of the Amended Complaint except Defendants deny knowledge or information sufficient to form a belief as to efforts undertaken by the Plaintiff.

88.     Deny the truth of the allegations set forth in paragraph "88," of the Amended Complaint.

89.     Deny the truth of the allegations set forth in paragraph "89," of the Amended Complaint.

90.     Deny the truth of the allegations set forth in paragraph "90," of the Amended Complaint.

91.     Deny the truth of the allegations set forth in paragraph "91," of the Amended Complaint.

92.     Deny the truth of the allegations set forth in paragraph "92," of the Amended Complaint.

93.     Deny the truth of the allegations set forth in paragraph "93," of the Amended Complaint.

94.     Deny the truth of the allegations set forth in paragraph "94," of the Amended Complaint.

95.     Deny the truth of the allegations set forth in paragraph "95," of the Amended Complaint.

96.     Deny the truth of the allegations set forth in paragraph "96," of the Amended Complaint.

97.     Deny the truth of the allegations set forth in paragraph "97," of the Amended Complaint.

98.     Deny the truth of the allegations set forth in paragraph "98," of the Amended Complaint.

99.     Deny the truth of the allegations set forth in paragraph "99," of the Amended Complaint.

100.    Deny the truth of the allegations set forth in paragraph "100," of the Amended Complaint.

101.    Deny the truth of the allegations set forth in paragraph "101," of the Amended Complaint.

102.    Deny the truth of the allegations set forth in paragraph "102," of the Amended Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103," of the Amended Complaint except Defendants deny that anything was removed from the Plaintiff's employment file.

104.    Deny the truth of the allegations set forth in paragraph "104," of the Amended Complaint.

105.    Deny the truth of the allegations set forth in paragraph "105," of the Amended Complaint except Admit that the NEW YORK CITY LAW DEPARTMENT did not represent Plaintiff.

106.    Deny the truth of the allegations set forth in paragraph "106," of the Amended Complaint.

107.    Deny the truth of the allegations set forth in paragraph "107," of the Amended Complaint.

108.     Deny the truth of the allegations set forth in paragraph "108," of the Amended Complaint.

109.     Deny the truth of the allegations set forth in paragraph "109," of the Amended Complaint.

110.     Deny the truth of the allegations set forth in paragraph "110," of the Amended Complaint.

111.     Deny the truth of the allegations set forth in paragraph "111," of the Amended Complaint.

112.     Deny the truth of the allegations set forth in paragraph "112," of the Amended Complaint.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113," of the Amended Complaint except Defendants deny any misconduct by MOTA.

114.     Deny the truth of the allegations set forth in paragraph "114," of the Amended Complaint.

115.     Deny the truth of the allegations set forth in paragraph "115," of the Amended Complaint.

116.     Deny the truth of the allegations set forth in paragraph "116," of the Amended Complaint.

117.     Deny the truth of the allegations set forth in paragraph "117," of the Amended Complaint.

118.     Deny the truth of the allegations set forth in paragraph "118," of the Amended Complaint.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119," of the Amended Complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120," of the Amended Complaint except Defendants deny that Plaintiff's transfer was an act of retaliation.

121.     Deny the truth of the allegations set forth in paragraph "121," of the Amended Complaint.

122.     Deny the truth of the allegations set forth in paragraph "122," of the Amended Complaint.

123.     Deny the truth of the allegations set forth in paragraph "123," of the Amended Complaint.

124.     Deny the truth of the allegations set forth in paragraph "124," of the Amended Complaint.

125.     Deny the truth of the allegations set forth in paragraph "125," of the Amended Complaint.

126.     Deny the truth of the allegations set forth in paragraph "126," of the Amended Complaint.

127.     Deny the truth of the allegations set forth in paragraph "127," of the Amended Complaint.

128.     Deny the truth of the allegations set forth in paragraph "128," of the Amended Complaint.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129," of the Amended Complaint.

130.     Deny the truth of the allegations set forth in paragraph "130," of the Amended Complaint.

131.     Deny the truth of the allegations set forth in paragraph "131," of the Amended Complaint.

132.     Deny the truth of the allegations set forth in paragraph "132," of the Amended Complaint.

133.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133," of the Amended Complaint.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134," of the Amended Complaint.

135.     Deny the truth of the allegations set forth in paragraph "135," of the Amended Complaint.

## PREFERENTIAL TREATMENT ON THE BASIS OF SEX/GENDER AND/OR RACE/COLOR

136.     Admit the truth of the allegations set forth in paragraph "136," of the Amended Complaint.

137.     Deny the truth of the allegations set forth in paragraph "137," of the Amended Complaint.

138.     Deny the truth of the allegations set forth in paragraph "138," of the Amended Complaint.

139.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139," of the Amended Complaint.

140.     Deny the truth of the allegations set forth in paragraph "140," of the Amended Complaint.

141.     Deny the truth of the allegations set forth in paragraph "141," of the Amended Complaint.

142.     Deny the truth of the allegations set forth in paragraph "142," of the Amended Complaint.

143.     Deny the truth of the allegations set forth in paragraph "143," of the Amended Complaint.

144.     Deny the truth of the allegations set forth in paragraph "144," of the Amended Complaint.

145.     Deny the truth of the allegations set forth in paragraph "145," of the Amended Complaint.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146," of the Amended Complaint.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147," of the Amended Complaint.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148," of the Amended Complaint.

149.     Deny the truth of the allegations set forth in paragraph "149," of the Amended Complaint.

150.     Deny the truth of the allegations set forth in paragraph "150," of the Amended Complaint.

151.     Deny the truth of the allegations set forth in paragraph "151," of the Amended Complaint.

152.    Deny the truth of the allegations set forth in paragraph "152," of the Amended Complaint.

153.    Deny the truth of the allegations set forth in paragraph "153," of the Amended Complaint except Defendants admit that Plaintiff requested that JEFFREY EUSTACHE be removed from Plaintiff's classroom due to the lawsuit commenced by JEFFREY EUSTACHE.

154.    Deny the truth of the allegations set forth in paragraph "154," of the Amended Complaint.

155.    Deny the truth of the allegations set forth in paragraph "155," of the Amended Complaint except Defendants admit that MOTA advised Plaintiff that she could not remove JEFFREY EUSTACHE from Plaintiff's classroom.

156.    Deny the truth of the allegations set forth in paragraph "156," of the Amended Complaint.

157.    Deny the truth of the allegations set forth in paragraph "157," of the Amended Complaint.

158.    Deny the truth of the allegations set forth in paragraph "158," of the Amended Complaint.

159.    Deny the truth of the allegations set forth in paragraph "159," of the Amended Complaint.

160.    Deny the truth of the allegations set forth in paragraph "160," of the Amended Complaint.

161.    Deny the truth of the allegations set forth in paragraph "161," of the Amended Complaint.

162.     Deny the truth of the allegations set forth in paragraph "162," of the Amended Complaint.

163.     Deny the truth of the allegations set forth in paragraph "163," of the Amended Complaint.

164.     Deny the truth of the allegations set forth in paragraph "164," of the Amended Complaint.

165.     Deny the truth of the allegations set forth in paragraph "165," of the Amended Complaint.

166.     Deny the truth of the allegations set forth in paragraph "166," of the Amended Complaint.

167.     Deny the truth of the allegations set forth in paragraph "167," of the Amended Complaint.

168.     Deny the truth of the allegations set forth in paragraph "168," of the Amended Complaint.

**RETALIATION AND PRETEXT: PLAINTIFF'S HEARING AND DUE PROCESS DEPREVIATIONS**

169.     Deny the truth of the allegations set forth in paragraph "169," of the Amended Complaint.

170.     Deny the truth of the allegations set forth in paragraph "170," of the Amended Complaint.

171.     Deny the truth of the allegations set forth in paragraph "171," of the Amended Complaint.

172.     Deny the truth of the allegations set forth in paragraph "172," of the Amended Complaint.

173.    Deny the truth of the allegations set forth in paragraph "173," of the Amended Complaint.

174.    Deny the truth of the allegations set forth in paragraph "174," of the Amended Complaint.

175.    Deny the truth of the allegations set forth in paragraph "175," of the Amended Complaint.

176.    Deny the truth of the allegations set forth in paragraph "176," of the Amended Complaint.

177.    Deny the truth of the allegations set forth in paragraph "177," of the Amended Complaint.

178.    Deny the truth of the allegations set forth in paragraph "178," of the Amended Complaint.

179.    Deny the truth of the allegations set forth in paragraph "179," of the Amended Complaint.

180.    Deny the truth of the allegations set forth in paragraph "180," of the Amended Complaint.

181.    Deny the truth of the allegations set forth in paragraph "181," of the Amended Complaint except admit that the hearings were virtual.

182.    Admit the truth of the allegations set forth in paragraph "182," of the Amended Complaint.

183.    Deny the truth of the allegations set forth in paragraph "183," of the Amended Complaint and refer all questions of law to the court.

184.    Deny the truth of the allegations set forth in paragraph "184," of the Amended Complaint and refer all questions of law to the court.

185.    Deny the truth of the allegations set forth in paragraph "185," of the Amended Complaint.

186.    Deny the truth of the allegations set forth in paragraph "186," of the Amended Complaint.

## THE CONTINUED PERSECUTION OF SHARON LaFIA

187.    Deny the truth of the allegations set forth in paragraph "187," of the Amended Complaint.

188.    Deny the truth of the allegations set forth in paragraph "188," of the Amended Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189," of the Amended Complaint.

190.    Deny the truth of the allegations set forth in paragraph "190," of the Amended Complaint.

191.    Deny the truth of the allegations set forth in paragraph "191," of the Amended Complaint.

192.    Deny the truth of the allegations set forth in paragraph "192," of the Amended Complaint.

193.    Deny the truth of the allegations set forth in paragraph "193," of the Amended Complaint.

194.    Deny the truth of the allegations set forth in paragraph "194," of the Amended Complaint.

195.   Deny the truth of the allegations set forth in paragraph "195," of the Amended Complaint.

## **42 U.S.C. §§ 2000A, 2000-D; CIVIL RIGHTS ACT**
## **TITLE VI, HOSTILE EDUCATION ENVIRONMENT AND HOSTILE WORK ENVIRONMENT**

196.   Deny the truth of the allegations set forth in paragraph "196," of the Amended Complaint.

197.   Deny the truth of the allegations set forth in paragraph "197," of the Amended Complaint.

198.   Deny the truth of the allegations set forth in paragraph "198," of the Amended Complaint.

199.   Deny the truth of the allegations set forth in paragraph "199," of the Amended Complaint.

200.   Deny the truth of the allegations set forth in paragraph "200," of the Amended Complaint.

201.   Deny the truth of the allegations set forth in paragraph "201," of the Amended Complaint.

202.   Deny the truth of the allegations set forth in paragraph "202," of the Amended Complaint.

203.   Deny the truth of the allegations set forth in paragraph "203," of the Amended Complaint.

204.   Deny the truth of the allegations set forth in paragraph "204," of the Amended Complaint.

205.    Deny the truth of the allegations set forth in paragraph "205," of the Amended Complaint.

206.    Deny the truth of the allegations set forth in paragraph "206," of the Amended Complaint.

207.    Deny the truth of the allegations set forth in paragraph "207," of the Amended Complaint.

208.    Deny the truth of the allegations set forth in paragraph "208," of the Amended Complaint.

209.    Deny the truth of the allegations set forth in paragraph "209," of the Amended Complaint.

210.    Deny the truth of the allegations set forth in paragraph "210," of the Amended Complaint and refer all questions of law to the court.

## FAMILY MEDICAL LEAVE ACT ("FMLA") DISCRIMINATION AND RETALIATION

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211," of the Amended Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212," of the Amended Complaint because it fails to specify which defendant.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213," of the Amended Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214," of the Amended Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215," of the Amended Complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216," of the Amended Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217," of the Amended Complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218," of the Amended Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219," of the Amended Complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220," of the Amended Complaint.

221.    Deny the truth of the allegations set forth in paragraph "221," of the Amended Complaint.

222.    Deny the truth of the allegations set forth in paragraph "222," of the Amended Complaint.

223.    Deny the truth of the allegations set forth in paragraph "223," of the Amended Complaint.

224.    Deny the truth of the allegations set forth in paragraph "224," of the Amended Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225," of the Amended Complaint.

## JUDICIARY LAW, INVASION OF PRIVACY AND FOURTH AMENDMENT VIOLATIONS

226.    Deny the truth of the allegations set forth in paragraph "226," of the Amended Complaint and Defendants refer all questions of law to the court.

227.    Deny the truth of the allegations set forth in paragraph "227," of the Amended Complaint except admit that Defendant, NEW YORK CITY LAW DEPARTMENT did attempt to retrieve text messages from Plaintiff's cell phone with her consent.  Defendant, NEW YORK CITY LAW DEPARTMENT was unable to retrieve any text messages from the Plaintiff's cell phone because they were deleted.

228.    Deny the truth of the allegations set forth in paragraph "228," of the Amended Complaint except admit that Defendant, NEW YORK CITY LAW DEPARTMENT did attempt to retrieve text messages from Plaintiff's cell phone with her consent during working hours.

229.    Deny the truth of the allegations set forth in paragraph "229," of the Amended Complaint and Defendants refer all questions of law to the court.

230.    Admit the truth of the allegations set forth in paragraph "230," of the Amended Complaint and Defendants refer all questions of law to the court.

231.    Deny the truth of the allegations set forth in paragraph "231," of the Amended Complaint and Defendants refer all questions of law to the court.

232.    Deny the truth of the allegations set forth in paragraph "232," of the Amended Complaint.

233.    Deny the truth of the allegations set forth in paragraph "233," of the Amended Complaint.

234.    Deny the truth of the allegations set forth in paragraph "234," of the Amended Complaint.

**PLAINTIFF'S "MONELL" CLAIM; 42 U.S.C. 1981,**

**1983, 1985 AND 1986**

235.   Deny the truth of the allegations set forth in paragraph "235," of the Amended Complaint.

236.   Deny the truth of the allegations set forth in paragraph "236," of the Amended Complaint.

237.   Deny the truth of the allegations set forth in paragraph "237," of the Amended Complaint.

238.   Deny the truth of the allegations set forth in paragraph "238," of the Amended Complaint.

239.   Deny the truth of the allegations set forth in paragraph "239," of the Amended Complaint.

240.   Deny the truth of the allegations set forth in paragraph "240," of the Amended Complaint.

241.   Deny the truth of the allegations set forth in paragraph "241," of the Amended Complaint.

242.   Deny the truth of the allegations set forth in paragraph "242," of the Amended Complaint.

243.   Deny the truth of the allegations set forth in paragraph "243," of the Amended Complaint.

244.   Deny the truth of the allegations set forth in paragraph "244," of the Amended Complaint.

245.   Deny the truth of the allegations set forth in paragraph "245," of the Amended Complaint.

## **DEFAMATION/SLANDER/STIGMA PLUS**

246.    Deny the truth of the allegations set forth in paragraph "246," of the Amended Complaint except the Defendants admit that a sexual harassment complaint was filed by Defendant, JEFFREY EUSTACHE.

247.    Deny the truth of the allegations set forth in paragraph "247," of the Amended Complaint.

248.    Deny the truth of the allegations set forth in paragraph "248," of the Amended Complaint.

249.    Deny the truth of the allegations set forth in paragraph "249," of the Amended Complaint except the Defendants admit that a sexual harassment complaint was filed by Defendant, JEFFREY EUSTACHE.

250.    Deny the truth of the allegations set forth in paragraph "250," of the Amended Complaint.

251.    Deny the truth of the allegations set forth in paragraph "251," of the Amended Complaint.

252.    Deny the truth of the allegations set forth in paragraph "252," of the Amended Complaint.

253.    Deny the truth of the allegations set forth in paragraph "253," of the Amended Complaint.

254.     Deny the truth of the allegations set forth in paragraph "254," of the Amended Complaint.

255.     Deny the truth of the allegations set forth in paragraph "255," of the Amended Complaint.

256.     Deny the truth of the allegations set forth in paragraph "256," of the Amended Complaint.

## FEDERAL & PENDENT STATE LAW CLAIMS

257.     Deny the truth of the allegations set forth in paragraph "257," of the Amended Complaint.

258.     Deny the truth of the allegations set forth in paragraph "258," of the Amended Complaint.

259.     Deny the truth of the allegations set forth in paragraph "259," of the Amended Complaint.

## MALICIOUS PROSECTION
### (New York and Federal Law)

260.     Deny the truth of the allegations set forth in paragraph "260," of the Amended Complaint.

261.     Deny the truth of the allegations set forth in paragraph "261," of the Amended Complaint.

262.     Deny the truth of the allegations set forth in paragraph "262," of the Amended Complaint.

263.     Deny the truth of the allegations set forth in paragraph "263," of the Amended Complaint.

264.    Deny the truth of the allegations set forth in paragraph "264," of the Amended Complaint.

265.    Deny the truth of the allegations set forth in paragraph "265," of the Amended Complaint.


## DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION UNDER STATE AND FEDERAL LAW

266.    Deny the truth of the allegations set forth in paragraph "266," of the Amended Complaint.

267.    Deny the truth of the allegations set forth in paragraph "267," of the Amended Complaint.

268.    Deny the truth of the allegations set forth in paragraph "268," of the Amended Complaint.

269.    Deny the truth of the allegations set forth in paragraph "269," of the Amended Complaint.

270.    Deny the truth of the allegations set forth in paragraph "270," of the Amended Complaint.


## NEW YORK STATE EXECUTIVE LAW §296

271.    Deny the truth of the allegations set forth in paragraph "271," of the Amended Complaint.


## ABUSE OF PROCESS
### (New York and Federal Law)

272.    Deny the truth of the allegations set forth in paragraph "272," of the Amended Complaint.

273.     Deny the truth of the allegations set forth in paragraph "273," of the Amended Complaint.

274.     Deny the truth of the allegations set forth in paragraph "274," of the Amended Complaint.

## NEGLIGENCE AND NEGLIGENT RETENTION

275.     Deny the truth of the allegations set forth in paragraph "275," of the Amended Complaint.

276.     Deny the truth of the allegations set forth in paragraph "276," of the Amended Complaint.

277.     Deny the truth of the allegations set forth in paragraph "277," of the Amended Complaint.

278.     Deny the truth of the allegations set forth in paragraph "278," of the Amended Complaint.

279.     Deny the truth of the allegations set forth in paragraph "279," of the Amended Complaint.

280.     Deny the truth of the allegations set forth in paragraph "280," of the Amended Complaint.

## NEGLIGENCE AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

281.     Deny the truth of the allegations set forth in paragraph "281," of the Amended Complaint.

282.     Deny the truth of the allegations set forth in paragraph "282," of the Amended Complaint.

283.   Deny the truth of the allegations set forth in paragraph "283," of the Amended Complaint.

284.   Deny the truth of the allegations set forth in paragraph "284," of the Amended Complaint.

285.   Deny the truth of the allegations set forth in paragraph "285," of the Amended Complaint.

## PRIMA FACIE TORT

286.   Deny the truth of the allegations set forth in paragraph "286," of the Amended Complaint.

287.   Deny the truth of the allegations set forth in paragraph "287," of the Amended Complaint.

288.   Deny the truth of the allegations set forth in paragraph "288," of the Amended Complaint.

289.   Deny the truth of the allegations set forth in paragraph "289," of the Amended Complaint.

290.   Deny the truth of the allegations set forth in paragraph "290," of the Amended Complaint.

## INJURIES AND DAMAGES

291.   Deny the truth of the allegations set forth in paragraph "291," of the Amended Complaint.

## WHEREFORE

292.   Deny the allegations set forth in the "Wherefore" clause of the Complaint, all subparts inclusive.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

293.    The Amended Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

294.    The Amended Complaint may be barred, in whole or in part, by the applicable statute or statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

295.    The Amended Complaint may be barred, in whole or in part, by the Doctrine of Collateral Estoppel, including but not limited to the decisions and findings made in the following matters:

(a) *NYCDOE v. LaFia,* SED No. 36157;
(b) *Eustache v. Board of Education, et. al.*, Index No.: 153619/2019;
(c) *LaFia v. New York City, et. al.*, Index No.: 152739/2020; and
(d) *LaFia v. New York City, et. al.* NYSDHR Case No.: 10206338.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

296.    The Amended Complaint may be barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

297.    At all times relevant to the acts alleged in the Amended Complaint, all actions or decisions taken by Defendants with respect to the Plaintiff were based on legitimate, non-discriminatory, non-retaliatory business reasons.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

298.    Subject to proof of discovery, the damage claims contained in the Amended Complaint are barred, in whole or in part, by the failure to mitigate damages.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

299.    Any damages sustained by plaintiffs were caused by Plaintiff's own negligent or culpable conduct.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

300.    The Amended Complaint may be barred, in whole or in part, by the Doctrine of Unclean Hands.

## **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

301.    At all times relevant to the acts alleged in the Amended Complaint, Defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, non-retaliatory legitimate reasons, and without malice or without willful intent to violate any applicable law, rule, or regulation.

## **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

302.    At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith to prevent and promptly eliminate any harassing behavior.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

303.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

304.   Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Defendants to its employees or to otherwise avoid harm.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

305.   The conduct complained of may consist of nothing more than what a person would consider petty slights and trivial inconveniences.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

306.   The individually named Defendants are entitled to qualified immunity.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

307.   There is no individual liability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. All such claims against JEFFERY EUSTACHE, in his individual capacity, PRINCIPAL INDIRA MOTA, in her individual capacity, LINDSAY CICILLINI, in her individual capacity, and FORMER NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER, in her individual capacity, must be dismissed.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

308.    The alleged constitutional violations were not caused by any municipal policy, practice, or custom.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

309.    The claims which are the subject matter of the causes of action set forth in the Amended Complaint are prohibited by and contravene the statutory law and public policy of the State of New York by reason of the prohibition against Strategic Lawsuits Against Public Participation ("SLAPP Suits") set for under Civil Rights Law §70-a and §76(a).

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

310.    Plaintiff's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS FOR A FIRST COUNTER-CLAIM
### (VIOLATION OF SLAPP LAW)

311.    Plaintiff's complaint is a classic example of a Strategic Lawsuits Against Public Participation ("SLAPP Suits") as set for under Civil Rights Law §70-a and §76(a).

312.    Plaintiff's lawsuit is an effort to intimidate and silence the individual Defendants.

313.    Plaintiff's lawsuit and claims against the individual Defendants are prohibited by and contravene the statutory law and public policy of the State of New York by reason of the prohibition against Strategic Lawsuits Against Public Participation ("SLAPP Suits") set for under Civil Rights Law §70-a and §76(a).

314.    The forgoing section of the Civil Rights Law permit the individual Defendants to recover damages, including compensatory and punitive damages, and costs and attorney fees from the plaintiff for violation of the statute.

33

315.    As a result of Plaintiff's Civil Rights Law §70-a and §76(a), the individual Defendants are entitled to damages in an amount to be determined at trial, which includes reimbursement from the Plaintiff for the reasonable value of their attorney's fees, costs, and disbursements incurred in this action.

**JURY DEMAND**

316.    Pursuant to Federal Rule of Civil Procedure 38, Defendants, NEW YORK CITY, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a THE NEW YORK CITY DEPARTMENT OF EDUCATION, JEFFERY EUSTACHE, in his individual and his official capacity, PRINCIPAL INDIRA MOTA, in her individual and official capacity, LINDSAY CICILLINI, in her individual and office capacity, NEW YORK CITY LAW DEPARTMENT, and FORMER NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER, in her individual and her official capacity, hereby demand a trial by jury in the above-captioned action of all issues triable by a jury.


**WHEREFORE**, Defendants respectfully requests judgment dismissing the Amended Complaint in is entirety, entering judgment for Defendants, and granting the individual Defendants judgment on its counter-claim in an amount to be determined at trial, which includes reimbursement from the Plaintiff for the reasonable value of their attorney's fees, costs, and disbursements incurred in this action, together with such other and further relief as the Court deems just and proper.


Dated: New York, New York
        January 20, 2023

**ABRAMS, GORELICK, FRIEDMAN
& JACOBSON, LLP**
Attorneys for Defendants
NEW YORK CITY, BOARD OF
EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK
a/k/a THE NEW YORK CITY
DEPARTMENT OF EDUCATION,
JEFFERY EUSTACHE, in his individual
and his official capacity,
PRINCIPAL INDIRA MOTA, in her
individual and official capacity, LINDSAY
CICILLINI, in her individual and office
capacity, NEW YORK CITY LAW
DEPARTMENT, and FORMER NEW
YORK CITY LAW DEPARTMENT
ATTORNEY BRITTNEY JORDAN
FINDER in her individual and her official
capacity


By:_____/s/_____
        Steven DiSiervi
One Battery Park Plaza, 4th Floor
New York, New York 10004
(212) 422-1200


TO:    Cory H. Morris, Esq. (VIA ECF)
       The Law Offices of Cory H. Morris
       135 Pinelawn Road, Suite 250a
       Melville NY 11747