

*Via Electronic Case Filing Only*

February 9, 2023

Hon. Paul G. Gardephe
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Lafia v. New York City et al*, Case No. 1:22-cv-07925-PGG-JLC

Dear Honorable Judge Paul G. Gardephe:

    In accordance with Your Honor's Individual Practice Rules, the undersign writes requesting a premotion conference, (that is without consent of Defendants), to dismiss the singular counterclaim under Civil Rights Law § 70-a and § 76(a) together with the affirmative defenses in Defendants' Answer, basically a summary denial of Plaintiff's verified pleadings.

### PRELIMINARY STATEMENT

Defendants' counterclaim alleging Plaintiff herein Complaint is a Strategic Lawsuits Against Public Participation ("SLAPP Suits") as set for under Civil Rights Law § 70-a and § 76(a) is not only incredulous based on the facts represented in the Complaint, said counterclaim lacks **any** factual basis within the pleading itself. See D.E. 40 ¶¶ 309, 311-315. "As to content, a new counterclaim, like all pleadings, must conform to the pleading requirements of *Twombly* and *Iqbal*."*GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019); (citing 2 Moore's Federal Practice, § 12.34[1][a] (3d ed. 2018); 6 Wright & Miller § 1407 (3d ed. 2018)). As such, said counterclaim by Defendants Brittney Jordan Finder, Lindsay Cicillini, John and Jane Does 1-10, Jeffrey Eustache ("Eustache"), Indira Mota, Board of Education of the City School District of The City of New York ("DOE") and New York City Law Department, Jane and Jane Does No. 1-10 (together "Defendants") must be dismissed for failure to make a claim together with its eighteen (18) affirmative defenses as discussed below.

Furthermore, said alleged counterclaim represents another form of retaliation and intimidation exerted against the Plaintiff by Defendants. As clearly outlined in the Amended Complaint, Plaintiff worked for Defendant DOE as a teacher for children with disabilities for over two decades without any issues, discipline or complaints. It was not until Plaintiff, along with at least two (2) other Special Education teachers received complaints from parents and children alike of verbal and physical abuse of disabled students by Defendant Eustache, and Plaintiff acted by reporting said complaints of abuse to Defendants the Spring of 2018, were any

Please send all mail to: 135 Pinelawn Road, Suite 250s • Melville, NY 11747

TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com

515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301   *By appointment only*

allegation of wrongdoing made against Plaintiff. As a mandated reporter Plaintiff brought the complaints made by the parents and children to the attention of NYC and DOE Defendants.

Within a few months, on the last day of school in June 2018, Defendant Eustache lashed out and retaliated against Plaintiff by making false allegations of sexual harassment and racism against Plaintiff. Notably, as per NYC and DOE Defendants, Defendant Eustache, a paraprofessional, had recently returned from a suspension without pay in April 2018 for watching pornography on his cell phone while in the classroom with middle school Special Education Students.

NYC and DOE Defendants failed to investigate the complaints regarding Defendant Eustache's abuse of the Special Education students, and instead persecuted Plaintiff for reporting serious disciplinary issues with Defendant Eustache. Defendant Eustache's vengeance and retaliation culminated in Defendant Eustache filing a lawsuit against Plaintiff and Defendant NYC DOE, which was dismissed by the lower court and is now on appeal. See *Jeffrey Eustache v. Board of Education of the City School District of the City of New York et al*, Index No. 153619/2019, docket available at https://bit.ly/3xmuuTr, appeal under Appellate Division, First Department, Docket No. 2022-01128, available at https://bit.ly/3BFnaF6. Of the handful of admissions Defendants made, one was that Eustache was placed in the same classroom as Plaintiff after the filing of Eustache's lawsuit and complaints made by Plaintiff against Eustache, Mota and others.

Notably, Defendant Eustache has a propensity for dishonesty as illustrated by his numerous arrests and convictions for: 1) two counts of petit larceny; 2) two counts of criminal possession of stolen property; 3) two counts of possession of a forged instrument; 4) two counts of identity theft; 5) one count of unlawful possession of personal identification; and 6) two counts possession of a forged instrument, in addition to multiple restraining orders issued against Defendant Eustache. See **Exh. 1**, Hearing Transcript, In the Matter of: *NYC DOE v. Sharon La Fia*, Section 3020-a Education Law Proceeding (File #36,157), p. 447:21 to 450:25 (January 18, 2022)). Said proven record for dishonesty and violence raises the question of how such an individual was hired for a position overseeing the most vulnerable of the student population. It is reasonable to conclude that the herein litigation may reveal any "special" relationships that lead to the hiring and retention of Defendant Eustache, an employee who was habitually late and absent from the classroom dating back to 2017, had continual disciplinary issues including viewing pornography in the classroom, and a pattern and practice of retaliating against individuals who reported his wrongful behavior. **Exh, 1**, p. 452:5 to 454:16.

As such, Defendants counterclaim alleging a SLAPP suit against Plaintiff must be dismissed/stricken, as the claim in itself fails to meet the pleading standard and there is no factual basis on which such a claim could conceivably be successful.

**DEFENDANTS, ALL OF THEM, ASSERTION OF THE LITANY OF AFFIRMATIVE DEFENSES AND A COUNTERCLAIM FOR STRATEGIC LITIGATION AGAINST PUBLIC PARTICIPATION SHOULD BE STRICKEN AND PRESENTS A CONFLICT OF INTEREST[i]**

The Federal Rules of Civil Procedure allows for a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral

character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson,* No. 04 Civ. 9413, 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006)."[M]otions to strike 'are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.'" *Crespo v. New York City Transit Auth.,* No. 01 Civ. 0671, 2002 WL 398805, at *11 (E.D.N.Y. Jan. 07, 2002) (quoting *Lennon v. Seaman,* 63 F.Supp.2d 428, 446 (S.D.N.Y.1999)). Plaintiff submits that Defendants' eighteen (18) affirmative defenses, one of them a SLAPP defense (D.E. 40 ¶¶ 309, 310-314), lack merit, are unsupported by any factual averment, falsely claim collateral estoppel (D.E. 40 ¶ 295) when New York Law City Law Department Defendants know and have reason to know there is no legal basis for the same, likewise claim unclean hands (D.E. 40 ¶ 300) and that Plaintiff "failed to take advantage of preventative or corrective opportunities by Defendants," D.E. 40 ¶ 302, is repulsive and defies common sense as Defendants admit they purposely placed Eustache back in the classroom with Plaintiff Sharon LaFia during the pendency of discrimination and harassment claims pending in a New York State Supreme Court.

To prevail on a 12(f) motion, the moving party must demonstrate that: "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Roe v. City of New York,* 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001) (citing *Koch v. Dwyer,* No. 98 Civ. 5519, 2000 WL 1458803, at *1 (S.D.N.Y. Sept. 29, 2000)). Defendants' contentions, obviously drawn by a lawfirm representing the lawyers defending NYC and DOE against Eustache and simultaneously claiming more damages on behalf of Eustache and several persons responsible for causing Plaintiff harm, should be struck and cannot be allowed to stand as it would result in prejudice towards Plaintiff Sharon LaFia.

Plaintiff suffered through several litigations, complaints and retaliations that culminated in this lawsuit and, as such, Defendants cannot posit eighteen (18) affirmative defenses without offering a single factual averment. "In order for a court to strike a defense as insufficient: '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.'" *Houston v. Manheim–New York,* No. 09–CV– 4544, 2010 WL 744119, at *3 (S.D.N.Y. Mar. 3, 2010)) (quoting *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010)). There is no question of fact that would allow a great many of these affirmative defenses to succeed and such, as has been the case, will cause needless expense, time and further litigation should such defenses either not be supported by some factual averment less be summarily stricken.

"Inclusion of these invalid defenses risks prejudice to a plaintiff due to increased time and expense of litigation." *Id.* (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.,* 189 F.R.D. 269, 272 (S.D.N.Y. 1999)); *Fedex Ground Package Sys.*, 2017 U.S. Dist. LEXIS 21188, at *6 ("In evaluating the third prong, the Court may consider whether inclusion of the legally insufficient defense would needlessly increase the 'time and expense of trial' or 'duration and expense of litigation.'"). As discussed above, between the conflict of interest and the complete lack of factual support for these affirmative defenses, inclusive of the counterclaim/affirmative defense, this Honorable Court should summarily strike Defendants' eighteen (18) affirmative defenses and counterclaim or allow the Plaintiff to more formally move to dismiss and strike.

## CONCLUSION

This Honorable Court should grant a premotion conference if not summarily strike the Defendants' affirmative defenses and counterclaims.

Should This Honorable Court be inclined to hold a premotion conference, Defendants should be Ordered to, *inter alia,* Show Cause as to how it can resolve the litany of conflicting interests present in this case (see below) for not only its proper, ethical, defense of all these different Defendants without a conflict of interest but how it is that, among other things, the City of New York and the New York City Department of Education have standing nevertheless is entitled to damages under a SLAPP suit against the Plaintiff-employee, Sharon LaFia.

Should the Court have any questions or concerns, please do not hesitate to contact the undersigned. We thank the Court for its kind consideration.

*CORY H. MORRIS*
*Attorney for Sharon LaFia*

To:   ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP (*via electronic case filing*)

---

[i] Jeffrey Eustache, for example, is suing Plaintiff Sharon LaFia and Defendants New York City ("NYC") and New York City Department of Education. Defendants NYC and DOE are represented by the Defendant New York City Law Department and were, at one point, represented by Defendant Brittany Finder ("Finder"). Defense counsel, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP, purports to represent all of these persons who share in the defense of Eustache's claims, prosecution of Plaintiff as described in the complaint and now purport to represent Eustache, among others, as a Plaintiff in a counterclaim asserted on behalf of all Defendants, inclusive of NYC and DOE, for First Amendment Retaliation, a SLAPP lawsuit, by the Plaintiff.