

Via Electronic Case Filing

February 14, 2023

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    Opposition to Defendants' Request for a Pre-Motion Conference
             *LaFia v. New York City et. al*, 22-cv-07925 (PGG)(JLC)

Dear Hon. Judge Gardephe:

      My office represents Plaintiff Sharon LaFia in the above matter against Defendants. We write in opposition to Defendants' request for a pre-motion conference in contemplation of Defendants filing a Fed. Rule Civ. P. 12(b)(6) motion to dismiss in the herein matter. Such a conference would be a waste of judicial resources. Defendants' recantation of the facts and litigation history between the herein parties is truncated at best and omits salient facts in dispute that have yet to be litigated for which a Rule 12(b)(6) motion must fail.

**Federal Constitutional Claims**

      One of the most important issues in this matter, and which has a direct effect on all litigation, is that: 1) Defendants demanded Plaintiff's cell phone from Plaintiff; 2) removed the cell phone from Plaintiff; and 3) hacked Plaintiff's cell phone without Plaintiff's permission or knowledge. Under the Fourth Amendment Analysis, "Whether consent to a search "was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218 at 227 (1973). At the time Defendant Brittany Finder ("Finder"), acting as attorney within the Office of the Corporate Counsel of New York City, intended (and brought a technical expert to do so) to access the contents of Plaintiff's personal phone knowing Plaintiff was waiting for Defendants to inform Plaintiff if Defendant City's Corporate Counsel would be representing Plaintiff in the litigation filed by Defendant Eustache.

Please send all mail to: 135 Pinelawn Road, Suite 250s • Melville, NY 11747
TEL: 631.450.2515 | FAX: 631.223.7377 | WEB: coryhmorris.com | EMAIL: info@coryhmorris.com
515 East Las Olas Boulevard, Suite 120 • Fort Lauderdale, FL 33301  *By appointment only*

*The Honorable Paul G. Gardephe*
*February 14, 2023*
*Page 2,*

Defendant New York City had accepted service of the Notice of Claim filed by Defendant Jeffrey Eustache on Plaintiff's behalf. Defendant Finder, an attorney, failed to inform Plaintiff that she should retain her own counsel, prior to Defendant Finder demanding Plaintiff's personal cell phone. "When the government seeks to justify a search based on consent, it "has the burden of proving that the consent was, in fact, freely and voluntarily given." *United States v. O'Brien,* 926 F.3d 57, 76 (2d Cir. 2019) (internal quotation marks omitted). Plaintiff was under the impression that the meeting arranged by Defendant Finder at Plaintiff's place of employment during Plaintiff's working hours was solely for the purpose of discussing the representation of Plaintiff by Defendant New York City. Defendant Finder, an attorney and part of Defendant New York City Law Department, failed to inform Plaintiff that the meeting was adversarial in nature and as such Plaintiff's Union Representative was not present at said meeting.

If Plaintiff had been informed of the true nature of the meeting with Defendant Finder, Plaintiff would have sought to have her Union Representative present at the very least. Indeed, Defendant Finder brought a technical expert in preparation for the extraction of records from Plaintiff's personal cellular phone. Within days of seizing Plaintiff's personal cellular phone, and the contents thereof, Defendant City then informed Plaintiff that Defendant City would not represent Plaintiff in any of the litigation commenced by Defendant Jeffrey Eustache. Plaintiff asserts that Defendant Finder's actions were actual calculated subterfuge to obtain Plaintiff's personal cellular phone data before Plaintiff could seek her own counsel.

The importance of the warrantless seizure of Plaintiff's cell phone cannot be under emphasized. Plaintiff's Counsel, once retained, immediately placed a litigation hold regarding all text messages, communications, etc., in regards to Plaintiff's seized cell phone and all other communication relevant to the allegations against Plaintiff. Plaintiff's Counsel additional filed a Freedom of Information Law ("FOIL") request not once but twice, even litigating the issue, in regards to Plaintiff's cell phone and its contents. Another pending FOIL request remains outstanding.

**TO DATE**, Defendant City has failed to turn over Plaintiff's phone for inspection and relied extensively on Defendants' uncorroborated search of Plaintiff's phone determine Plaintiff's alleged guilt regarding the texts Plaintiff allegedly sent to Defendant Eustache. Plaintiff's expert was deprived of the opportunity to authenticate the messages allegedly retrieved from Plaintiff's phone. Significantly as well, would be the time the messages were allegedly sent, as Plaintiff carpooled with Defendant Lindsay Cicillini ("Cicillini"), who often took control of Plaintiff's phone while Plaintiff drove in heavy traffic into Brooklyn, NY from Nassau County, NY.

In fact, Plaintiff's friendship with Defendant Cicillini terminated when Plaintiff discovered Defendant Cicillini used Plaintiff's phone during carpool to send sexually explicit messages to Plaintiff's husband, which was not Plaintiff's practice. Notably, Defendant Cicillini was disciplined for sending sexual texts to another staff member in the past, while Plaintiff had an unblemished career in excess of twenty years with Defendant City's Department of Education

*The Honorable Paul G. Gardephe*
*February 14, 2023*
*Page 3,*

("DOE"). Defendant Cicillini was found to have sent sexually explicit messages to Defendant Eustache. Defendant Jeffrey Eustache did not name Defendant Cicillini as a Defendant in his lawsuit against Plaintiff and Defendant New York City, nor did Defendants New York City, DOE or New York City Law Department inspect Defendant Eustache or Cicillini's cell phones or personal property, even after Defendant Eustache was accused/found guilty of viewing pornography on his phone.

Furthermore, Defendant Eustache's credibility is drawn into question by his numerous convictions dishonesty including: 1) two counts of petit larceny; 2) two counts of criminal possession of stolen property; 3) two counts of possession of a forged instrument; 4) two counts of identity theft; 5) one count of unlawful possession of personal identification; and 6) two counts possession of a forged instrument, in addition to multiple restraining orders issued against Defendant Eustache. *See* **Exh. 1**, Hearing Transcript, In the Matter of: *NYC DOE v. Sharon La Fia*, Section 3020-a Education Law Proceeding (File #36,157), p. 447:21 to 450:25 [January 18, 2022]). All of the above, are questions of fact that Plaintiff has alleged and that are at the heart of the Fourth Amendment, Privacy, Due Process, Abuse of Process, and Malicious Prosecution claims allegations. Plaintiff asserts that it is judicially impermissible to withhold key evidence from the accused and later use said evidence as the foundation to a verdict against said accused.

Such actions are contrary to the foundation of the Constitutional principles which insist upon the examination of evidence by all parties, the testing of the veracity of all such evidence and therefore the right to due process.

**Discrimination and Retaliation Claims**

Defendants mis-state the facts regarding Plaintiff's discrimination and retaliation claims. It is in fact Defendant Eustache's lawsuit against the herein Plaintiff and Defendant City that Defendant Eustache initiated in response to Plaintiff actively bringing complaints of parents regarding the abuse of their disabled children by Defendant Eustache. *See Jeffrey Eustache v. Board of Education of the City School District of the City of New York et al*, Index No. 153619/2019, docket available at https://bit.ly/3xmuuTr, appeal not yet perfected under Appellate Division, First Department, Docket No. 2022-01128, available at https://bit.ly/3BFnaF6.

As clearly outlined in the Complaint, Plaintiff worked for Defendant DOE as a teacher for children with disabilities for over twenty years without any issues, discipline or complaints. It was not until Plaintiff, along with approximately two other Special Education teachers received complaints from parents and children alike of verbal and physical abuse of disabled students by Defendant Eustache, and Plaintiff acted by reporting said complaints of abuse to Defendants the Spring of 2018 were any allegation of wrongdoing made against Plaintiff. As a mandated reporter Plaintiff brought the complaints made by the parents and children to the attention of Defendants. Within a few months, on the last day of school in June 2018, Defendant

*The Honorable Paul G. Gardephe*
*February 14, 2023*
*Page 4,*

Eustache lashed out and retaliated against Plaintiff by making false allegations of sexual harassment and racism against Plaintiff.

Notably, Defendant Eustache, a paraprofessional, had recently returned from a suspension without pay in April 2018, for watching pornography on his cellular phone while in the classroom with middle school Special Education Students. Defendant Eustache lashed out against Plaintiff and used Plaintiff's race, white, and gender, female, as the basis of his retaliatory allegations against Plaintiff. Furthermore, Defendant Eustache used his lawsuit not only to retaliate against Plaintiff for reporting his abuse of disabled children, but to intimidate Plaintiff into ceasing to report his disciplinary issues and illegal activities in the future.

Defendants failed to investigate the complaints regarding Defendant Eustache's abuse of the middle school Special Education students, and instead persecuted Plaintiff for reporting serious disciplinary issues with Defendant Eustache. Defendants then further facilitated a Hostile Education Environment by placing Defendant Eustache in the same classroom as Plaintiff LaFia causing her to suffer extreme emotional distress. Plaintiff contends that Defendant City's actions were to protect whomever determined to hire Defendant Eustache as a paraprofessional overseeing vulnerable children, an individual with a criminal background and who was able to keep his employment after viewing sexually explicit material in a classroom of children according to the Defendant NYC and DOE who, notably, are all represented by the same law firm who concludes that there is no conflict of interest.

Not only does Plaintiff state her claims for discrimination, retaliation and a hostile education/work environment, Plaintiff has provided a plausible motive or intent for the abuse of process and malicious prosecution claims based on the pleadings before this Honorable Court.

### Plaintiff's Pleadings State a Cause of Action

As such, the Court should deny Defendant's request for a pre-motion conference in Defendants contemplation of filing a Rule 12(b) motion to dismiss.

Sincerely,

CORY H. MORRIS

CHM:ch