UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
SHARON LaFIA

                                                          22-cv-07925-PCG-JLC

                            Plaintiff,

        -against-


NEW YORK CITY, BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK a/k/a
THE NEW YORK CITY DEPARTMENT OF EDUCATION,
JEFFERY EUSTACHE, in his individual and his official capacity,
PRINCIPAL INDIRA MOTA, in her individual and official
capacity, LINDSAY CICILLINI, in her individual and office
capacity, NEW YORK CITY LAW DEPARTMENT, FORMER
NEW YORK CITY LAW DEPARTMENT ATTORNEY
BRITTNEY JORDAN FINDER, in her individual and her
official capacity, and JOHN and JANE DOES NOS. 1-10,

                            Defendants.
-------------------------------------------------------------------------------X


---

## MEMORADNUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)

---


Steven DiSiervi, Esq.
ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP
Attorneys for Defendants
One Battery Park Plaza, 4th Floor
New York, New York 10004
(212) 422-1200

## TABLE OF CONTENTS

STATEMENT OF FACTS ............................................................................................... 4

    A. 3020-a Hearing and Determination (NYCDOE v. LaFia, SED No. 36157)................... 5

    B. New York State Court Actions (Index Nos.: 153619/2019 and 152739/2020)............... 6

    C. Plaintiff's Claims in this Action ................................................................................ 7

LEGAL STANDARD.................................................................................................... 9

ARGUMENT ............................................................................................................... 10

PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL
ESTOPPEL ................................................................................................................... 10

    A. Claims Based Upon False Allegations Are Collaterally Estopped. ............................. 11

    B. Claims against the New York City Law Department and Attorney Finder are
    Collaterally Estopped. .................................................................................................. 13

PLAINTIFF'S CLAIMS FAIL TO STATE A CAUSE OF ACTION ......................................... 16

    A. Discrimination/Retaliation/Hostile Work Environment/NYS Executive Law §296 ..... 16

    B. Judicial Law, Invasion of Privacy and Fourth Amendment Claims ............................. 17

    C. "Monell" Claim...................................................................................................... 18

    D. Defamation/Slander/Stigma Plus .............................................................................. 18

    H. Negligence and Negligent Retention/Negligent and/or Intentional Infliction of
    Emotional Distress ....................................................................................................... 20

CONCLUSION............................................................................................................. 22

1

<u>TABLE OF AUTHORITIES</u>

Cases

Ashcroft v. Iqbal, 556 U.S. 662 (2009)...................................................................... 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................ 9

Belsky v Lowenthal, 62 AD2d 319, affd 47 NY2d 820 (1979).................................... 21

Board of Ed. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n,
    Inc., 38 N.Y.2d 397 (1975) .................................................................................... 20

Brennan v. Metro Opera Ass'n, Inc., 192 F.3d 310 (2d Cir. 1999)............................ 17

Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, (2d Cir.
    2005)........................................................................................................................ 11

Carvalho v. Stevens, No. 12 Civ. 128 (LTS) (FM), 2013 U.S. Dist. LEXIS 100467 (S.D.N.Y.
    July 17, 2013).......................................................................................................... 10

Chartier v. Marlin Mgmt., LLC, 202 F.3d 89 (2d Cir. 2000) ...................................... 10

Cleveland v. Caplaw Enters., 448 F.3d 518 (2d Cir. 2006)......................................... 9

Dolan v. Roth, 170 Fed. Appx. 743 (2d Cir. 2006) ..................................................... 13

Eustache v. DOE, et. al., Index No.: 153619/2019 ...................................................... 6

Evans v. Ottimo, 469 F.3d 278 (2d Cir. 2006) ............................................................ 10

Ferraro v. N.Y.C. Dep't of Educ., 752 Fed. Appx. 70, 73 (2d Cir. 2018) ................... 11

Grieve v. Tamerin, 269 F.3d 149 (2d Cir. 2001).......................................................... 10

LaFia v. New York City, et. al., Index No.: 152739/2020............................................. 7

Lafleur v. Whitman, 300 F.3d 256 (2d Cir. 2002)........................................................ 10

Leftridge v. N.Y. City Dep't of Educ., No. 17-cv-7027, 2020 U.S. Dist. LEXIS 55423 (S.D.N.Y.
    Mar. 30, 2020)......................................................................................................... 13

Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 129 (SDNY, 2002) ............. 18

Mazur v. N.Y. City Dep't of Educ., 53 F.Supp.3d 618(S.D.N.Y. 2014), aff'd, 621 Fed. Appx.. 88
    (2d Cir. 2015) .......................................................................................................... 13

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) .......................................... 16

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978) .......................... 18

Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997) ..................................................... 19

Nash v. Bd. of Educ. of NY No. 99 Civ. 9611 (NRB), 2016 U.S. Dist. LEXIS 135793 (S.D.N.Y.
    Sept. 22, 2016) ........................................................................................................ 9

NYCDOE v. LaFia, SED No. 36157 ............................................................................ 5

Rothstein v. UBS AG, 708 F.3d 82 (2d Cir. 2013)....................................................... 9

Sank v. City Univ. of N.Y., No. 10 Civ. 4975, 2011 U.S. Dist. LEXIS 125016, at *12 (S.D.N.Y.
    Oct. 28, 2011).......................................................................................................... 13

Savino v. City of New York, 331 F.3d 63 (2d Cir. 2003) .............................................. 20

Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597 (2d Cir. 2006) ............................ 16

Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864 (2d Cir. 1992) ................................... 18

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, No. 98 Civ. 3099, 2001 ................. 9

Washington v. N.Y.C. Dep't of Educ., 740 Fed. Appx. 730 (2d Cir. 2018) ................. 10

Wilder v. Thomas, 854 F.2d 605 (2d Cir. 1988)........................................................... 10

## PRELIMINARY STATEMENT

The dispute between the parties has a long litigious history and Plaintiff commenced this action in hopes of relitigating issues, which she lost.  Strategically, she decided to include every person or entity who lawfully participated in the prior proceedings to silence and chastise them.

Plaintiff, a teacher employed by Defendant, New York City Department of Education ("DOE"), brings this action asserting approximately sixteen (16) causes of action against every person and governmental entity involve in the previously litigated matters, including but not limited to the New York City Law Department and Former New York City Law Department Attorney Finder.  The lynchpin to all of Plaintiff's claims are that Defendants prosecuted false complaints of sexual harassment, racism and hostile work environment against her based upon her race and sex and as a form of discrimination and retaliation.  Plaintiff's Amended Complaint fails to state a cause of action because the complaints made and prosecuted against the Plaintiff, sexual harassment, racism and hostile work environment, were already litigated and determined not to be false.

Defendants, New York City, DOE, Jeffery Eustache, in his individual and official capacity, Principal Indira Mota, in her individual and official capacity, Lindsay Cicillini, in her individual and official capacity, New York City Law Department, and Former New York City Law Department Attorney Brittney Jordan Finder, in her individual and official capacity. (collectively, "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c) to dismiss the Plaintiff's Amended Complaint as it is barred by the Doctrine of Collateral Estoppel and thus fails to state a cause of action.

## STATEMENT OF FACTS[1]

The Plaintiff was a white tenured teacher assigned to I.S. 171, Abraham Lincoln Intermediate School in Brooklyn, New York. Exh. "E", p. 1.   The Defendant, Eustache, was a black paraprofessional at I.S. 171 assigned to move with students to various classrooms, which included the Plaintiff's classroom. Exh. "E", p. 4.   During the relevant time periods, the Plaintiff taught social studies and the Defendant, Cicillini taught math. Exh. "E", p. 4.   Eustache traveled with the same group of students to the Plaintiff and Cicillini's classrooms. Exh. "E", p. 4-5.   Eustache and Plaintiff had worked together since 2014 and generally had a cordial relationship. Exh. "E", p. 8.

In the 2017-2018 school year, Eustache began to feel uncomfortable with the Plaintiff due to her sexual and racist comments. Exh. "E", p. 8.   In January, 2018, Plaintiff sent Eustache the following text message after a dropped call:   "OMG. We are hot. U got nervous and distracted. We love U. We are hot white girls". Exh. "D", p. 2; Exh. "E", p. 9.   He also received a text message from the Plaintiff demanding "Come to me [room] 204" and "we can have sex too." Exh. "D", p. 2; Exh. "E", p. 9.     Eustache felt awkward when the Plaintiff text him "My black lover, who is here today?" and "Is ur penis big". Exh. "E", p. 9.     On various occasions, the Plaintiff attempted to sit on Eustache's lap during class in front of others. Exh. "E", p. 9.

In May 2018, the Plaintiff's behavior changed again.   Instead of her harassing him she was critical of his work. Exh. "E", p. 10.   Eustache believed that the Plaintiff was retaliating for rejecting her advances so he filed a complaint with the Defendant, Principal Mota. Exh. "E", p. 10.

---

[1] All facts are based upon the judicial findings in the other actions between the parties.

In October 2018, Principal Mota, reported to the Office of Equal Opportunity ("OEO") Eustache's complaints that Plaintiff had sexually harassed him and discriminated against him based upon his race.  Exh. "E", p. 5.   The OEO interviewed those involved, which included students, and Cicillini. Exh. "E", pp. 5-6.   Cicillini notified the Plaintiff that she received a letter from the OEO.  Exh. "E", p. 7.  According to text messages, the Plaintiff told Cicillini to say nothing happened and that the Defendant, Eustache was lying.  Exh. "E", p. 7.

Two students, Student "A" and Student "B", advised the OEO that they witnessed the Plaintiff sit on Eustache's lap. Exh. "E", p. 5.  Cicillini cohobated various text messages in which the Plaintiff refers to Eustache as "her black lover" and would comment that he had a large penis because of his race.  Exh. "E", p. 6-7.   Cicillini also cohobated Student "A" and Student "B" that the Plaintiff would sit on Eustache's lap. Exh. "E", p. 7.  After its investigation, the OEO concluded that the Plaintiff engaged in sexual misconduct, harassment, racial discrimination, sexual harassment, inappropriate comments, and conduct unbecoming a teacher.  Exh. "E", p. 1.

## A.    3020-a Hearing and Determination (NYCDOE v. LaFia, SED No. 36157)

On June 15, 2019, the DOE brought formal charges against the Plaintiff pursuant to NYS Education Law §3020-a, which requested her termination.  Exh. "E", p. 1.   The Plaintiff requested a formal hearing, which was held remotely on December 9 and 17, 2021, January 5, 18, 19, 24 and 28, February 7, 10, 15 and 28, March 1, 3 and 15, 2022.  Exh. "E", p. 2.  The Plaintiff was represented by counsel and had a full and fair opportunity to present witnesses, exhibits and cross-examine all witnesses.   Exh. "E", p. 2.

On April 25, 2022, the hearing officer, Timothy S. Taylor, Esq., found by a preponderance of the evidence that the Plaintiff was guilty of certain specifications, including but not limited to the following:

      (1) Plaintiff sent a text message to Eustache, a black male asking in sum and substance "is your penis big."

      (2) Plaintiff sent a text message to Eustache, a black male asking in sum and substance "my black lover, who was here today".

      (3) Plaintiff attempted to sit on and/or touched Eustache lap during class in the presence of students.

Exh. "E", p. 29.

The hearing officer, Timothy S. Taylor, Esq., determined that the appropriate penalty for the Plaintiff's conduct was a fine of ten thousand dollars. Exh. "E", p. 29. Upon information and belief, the Plaintiff did not appeal the findings.

**B.**    **New York State Court Actions (Index Nos.: 153619/2019 and 152739/2020)**

In May 2019, Eustache commenced an action in the Supreme Court, New York County, against the Department of Education and Plaintiff for sexual harassment, racism, and hostile work environment relating to the conduct of Plaintiff. <u>Eustache v. DOE, et. al.</u>, Index No.: 153619/2019 ("Eustach Action"). Exh. "C", p. 3.

The Plaintiff tendered her defense and indemnification to the City of New York pursuant to General Municipal Law §50-k by submitting the "Request for Legal Representation" to Principal Mota. Exh. "C", p. 7. On May 15, 2019 Defendant, Attorney Finder, then an employee of the Defendant, New York City Law Department, requested a "representation interview" with the Plaintiff. Exh. "C", p. 3. On May 20, 2019, the Plaintiff met with Attorney Finder's who requested the Plaintiff's cell phone to "run it for evidence". Exh. "C", p. 3. The Plaintiff voluntarily provided her cell phone, which showed that the relevant text messages were all deleted. Exh. "B", ¶3; Exh. "C", p. 3. On May 28, 2019, Attorney Finder informed the Plaintiff Defendants could not make the necessary finding that General Municipal Law § 50-k required the City of New York to accept the Plaintiff's defense in the Eustach Action. Exh. "C", p. 3-4.

On or about March 12, 2020, Plaintiff commenced an Article 78 Special Proceeding in the Supreme Court, New York County, against the City of New York, Board of Education and others seeking an order (1) finding the denial of Plaintiff's request pursuant to General Municipal Law § 50-k, for a defense and indemnification in the underlying action, to be unlawful, wrongful, arbitrary, and capricious; (2) ordering the defendants to indemnify petitioner in the Eustach Action; (3) and other related relief. LaFia v. New York City, et. al., Index No.: 152739/2020. ("Article 78 Proceeding") Exh. "C", p. 5. Confirming the determination of the New York City Law Department, the State Court in the Article 78 Proceeding determined that the Plaintiff was not entitled to a defense and indemnification under General Municipal Law § 50-k because the Eustach Action accused Plaintiff of acts that are far beyond the scope of her employment. Exh. "C", p. 8. Most importantly, the court in the Article 78 proceeding held that the New York City Law Department and Attorney Finder "did not commit fraud, misrepresentation and/or deception." Exh. "C", p. 5. Upon information and belief, the Plaintiff has not appealed the decision in the Article 78 Proceeding.

The defendants in the Eustache Action, which included the Plaintiff in this matter, moved to dismiss Eustache's claims. Exh. "D", p. 8. Initially, on September 16, 2021 the State Court in the Eustache Action granted the Plaintiff's motion dismiss all claims against her. Exh. "D", p. 8. However, upon reargument the State Court in the Eustache Action restored Eustache's claims that the plaintiff retaliated against him for engaging in a protected activity. Exh. "F", p. 7.

## C.    Plaintiff's Claims in this Action

The Plaintiff commenced this action against every person or entity who lawfully participated in the prior proceedings alleging that they made false complaints against her based upon her race and gender. Exh. "A", ¶ 2. Plaintiff claims that "by means of the false complaint

of Defendant JEFFREY EUSTACNE, [she] suffered discrimination on the basis of race/color/sex/gender, being treated less favorably than non-female non-Caucasian worker." Exh. "A", ¶ 4, 6.  Moreover, "Defendants, individually and collectively, engaged in or alleged and permitted defamation, stigma, libel, slander, malicious prosecution, abuse of process, deliberate indifference, failure to indemnify, intentional infliction of emotional distress, negligent infliction of emotional distress, all the while creating of and maintaining a hostile working/hostile education environment for SHARON LAFIA, and violating the human and civil rights of Ms. LAFIA.  Exh. "A", ¶ 5.  However, the Plaintiff's Amended Complaint fails to state a cause of action because keystone allegation underlying all the claims, false complaints against her, is barred by the doctrine of collateral estoppel.

**LEGAL STANDARD**

The standard for addressing a FRCP Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausible claims are those that allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Further, the reviewing court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor, though it is not required to "credit conclusory allegations or legal conclusions couched as factual allegations." See Rothstein v. UBS AG, 708 F.3d 82, 94 (2d Cir. 2013).

In deciding a Rule 12(b)(6) and 12(c) motion, a court may consider "matters of which judicial notice may be taken" such as "relevant pleadings, motion papers, orders, and judgments in a state court action without converting [the defendant's] motion to one for summary judgment." U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, No. 98 Civ. 3099, 2001 U.S. Dist. LEXIS 3349, at *31 n.7 (S.D.N.Y. Mar. 22, 2001); see also Nash v. Bd. of Educ. of N.Y., No. 99 Civ. 9611 (NRB), 2016 U.S. Dist. LEXIS 135793,*14 (S.D.N.Y. Sept. 22, 2016) (noting that collateral estoppel defenses may be analyzed on a Rule 12(c) motion "where all the relevant facts are set forth in the complaint and in matters of which the Court may take judicial notice"). Accordingly, the Court may properly consider the exhibits annexed to the DiSiervi Declaration submitted in support of this motion.

# ARGUMENT

## I
## PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

The doctrine of collateral estoppel, or issue preclusion, bars relitigation of a legal or factual issue that was previously decided in a prior action where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Washington v. N.Y.C. Dep't of Educ., 740 Fed. Appx. 730, 732 (2d Cir. 2018) (quoting Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001)).

"The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action." Evans v. Ottimo, 469 F.3d 278, 281–82 (2d Cir. 2006). The party invoking issue preclusion need not demonstrate that the prior court ruled expressly on the issue in dispute in the present case, only that the current court "cannot grant [the relief sought] without directly contradicting the [prior] court on issues it has previously decided . . . [that were] necessary to the [prior] court's judgment." Lafleur v. Whitman, 300 F.3d 256, 273 (2d Cir. 2002) (citing Chartier v. Marlin Mgmt., LLC, 202 F.3d 89, 94 (2d Cir. 2000) and Wilder v. Thomas, 854 F.2d 605, 620 (2d Cir. 1988)) (internal quotation marks omitted).

"Federal courts are . . . required to give preclusive effect to state court judgments." Carvalho v. Stevens, No. 12 Civ. 128 (LTS) (FM), 2013 U.S. Dist. LEXIS 100467, at *10 (S.D.N.Y. July 17, 2013). Moreover, a decision under Education Law § 3020-a is entitled to

preclusive effect when the elements of collateral estoppel are satisfied. See <u>Washington</u>, 740

Fed. Appx. at 732–33; see also <u>Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free</u>

<u>Sch. Dist.</u>, 411 F.3d 306, 311–12 (2d Cir. 2005). Accordingly, "for findings from a 3020-a

proceeding to preclude re-litigation of an issue, 'the issue must have been material to the . . .

proceeding and essential to the decision rendered therein.'" <u>Ferraro v. N.Y.C. Dep't of Educ.</u>,

752 Fed. Appx. 70, 73 (2d Cir. 2018) (quoting <u>Burkybile</u>, 411 F.3d at 313).

  The facts here demand the application of issue preclusion to bar Plaintiff's claims. The

issues presented here are identical to that presented in administrative proceedings under

Education Law § 3020-a and the State Court Proceedings, and those issues were litigated and

decided. The gravamen of Plaintiff's Amended Complaint is that Defendants discriminated and

retaliated against her by filing false charges of misconduct. The veracity of the Eustache's and

allegations of misconduct by the other Defendants were litigated in both the § 3020-a hearing

and the Article 78 Proceeding.  It was previously determined by a preponderance of the evidence

that Eustache's allegations were true.  It was previously determined in the Article 78 proceeding

held that the New York City Law Department and Attorney Finder "did not commit fraud,

misrepresentation and/or deception."  Exh. "C", p. 5.

### A. Claims Based Upon False Allegations Are Collaterally Estopped.

  Every cause of action in the Plaintiff's Amended Complaint is premised on the theory

that the Defendants, individually and acting in concert, by means of Eustache's false complaints

constituted discrimination, retaliation and hostile work environment on the basis of

race/color/sex/gender. Exh. "A", ¶ 4, 6.  In addition, Plaintiff claims that those false statements

constitute defamation, stigma, libel, slander, malicious prosecution, abuse of process, deliberate

indifference, failure to indemnify, intentional infliction of emotional distress, negligent infliction

of emotional distress.  Exh. "A", ¶ 5.  Given that Defendants can establish the doctrine of

collateral estoppel, the Plaintiff's claims based upon false allegations are barred by the § 3020-a

hearing determination.

With respect to the first element of collateral estoppel, clearly the issues in both the §

3020-a hearing and this matter are identical.  DOE charged Plaintiff under Education Law §

3020-a that she engaged in sexual misconduct, harassment, racial discrimination, sexual

harassment and inappropriate comments based upon the complaints of Eustache.   The Plaintiff

in this action alleges that "by means of the false complaint of Defendant JEFFREY EUSTACNE,

[she] suffered discrimination on the basis of race/color/sex/gender, being treated less favorably

than non-female non-Caucasian worker."  Exh. "A", ¶ 4, 6.

With respect to the second element of collateral estoppel, it is undisputed that the 3020-a

charges was actually litigated and decided. The Plaintiff requested a formal 3020-a hearing, which

was held remotely on December 9 and 17, 2021, January 5, 18, 19, 24 and 28, February 7, 10, 15

and 28, March 1, 3 and 15, 2022.  Exh. "E", p. 2.  On April 25, 2022, the hearing officer, Timothy

S. Taylor, Esq., issued a twenty-nine (29) page written decision, finding the Plaintiff was guilty of

certain specifications.  Exh. "E", p. 29.

With respect to the third element of collateral estoppel, it is undisputed that Plaintiff had

full and fair opportunity to litigate in the 3020-a proceeding.  During the § 3020-a hearing, the

Plaintiff was represented by counsel who had a full and fair opportunity to present witnesses,

exhibits and cross-examine all witnesses.  Exh. "E", p. 2.

With respect to the final element, it is undisputed that the issue previously litigated, the

veracity Eustache's allegations, was necessary to support a valid and final judgment on the

merits.  The central issue during the § 3020-a hearing was whether the Plaintiff engaged in

sexual misconduct, harassment, racial discrimination, sexual harassment and inappropriate comments, which she was found guilty.  The Plaintiff is attempting to relitigate the veracity Eustache's allegations by claiming it as the adverse employment action against her.

As the issues presented in this litigation are barred by collateral estoppel, Defendants are entitled to dismissal of the Amended Complaint. See Dolan v. Roth, 170 Fed. Appx. 743, 746–47 (2d Cir. 2006) (holding that plaintiff was collaterally estopped from relitigating his retaliation claim because the "retaliation issue was properly raised by the pleadings or otherwise placed in issue, and actually determined in the Article 78 proceeding"); Leftridge v. N.Y. City Dep't of Educ., No. 17-cv-7027, 2020 U.S. Dist. LEXIS 55423, at *23–26 (S.D.N.Y. Mar. 30, 2020) (holding teacher collaterally estopped from bringing discrimination claims because § 3020-a hearing and subsequent Article 75 review determined that termination was not based on impermissible discrimination and was justified); Mazur v. N.Y. City Dep't of Educ., 53 F.Supp.3d 618, 630–31 (S.D.N.Y. 2014), aff'd, 621 Fed. Appx.. 88 (2d Cir. 2015) (finding collateral estoppel barred teacher's discrimination claims because § 3020-a hearing decided issues with specific reference because they were central to her defenses); Sank v. City Univ. of N.Y., No. 10 Civ. 4975, 2011 U.S. Dist. LEXIS 125016, at *12 (S.D.N.Y. Oct. 28, 2011) (concluding that professor was collaterally estopped from asserting "discrimination or retaliation claims in federal court based upon the very same facts and circumstances" previously raised before the New York State Division of Human Rights and in the Article 78 proceeding).

## B.  Claims against the New York City Law Department and Attorney Finder are Collaterally Estopped.

While not pled with specificity, presumably the Plaintiff's claims against the New York City Law Department and Attorney finder pertain to their examination of her cell phone and their

determination that she was not entitled to a defense and indemnification under General Municipal Law § 50-k in the Eustache Action.  Exh. "A", ¶¶ 2, 5, 11 & 50.

Plaintiff commenced an Article 78 Special Proceeding in State Court seeking a determination that the New York City Law Department's denial of Plaintiff's request pursuant to General Municipal Law § 50-k, for a defense and indemnification in the underlying action, to be unlawful, wrongful, arbitrary, and capricious. Exh. "C", p. 5. The State Court confirmed the determination of the New York City Law Department and found that the Plaintiff was not entitled to a defense and indemnification under in the Eustache Action.  Exh. "C", p. 8. Most importantly, the court in the Article 78 proceeding held that the New York City Law Department and Attorney Finder "did not commit fraud, misrepresentation and/or deception." Exh. "C", p. 5. Given that Defendants can establish the doctrine of collateral, the Plaintiff's claims against the New York City Law Department and Attorney Finder are barred by the Article 78 Proceeding.

With respect to the first element of collateral estoppel, clearly the issues in both proceedings, Article 78 Proceeding and this matter, are identical.  The Plaintiff commenced the Article 78 Proceeding on the grounds that she was entitled to a defense and indemnification in the Eustache Action.  Exh. "C", p. 8.  Plaintiff claims discrimination, retaliation and hostile work environment on the basis of race/color/sex/gender against the New York City Law Department and Attorney Finder because they determined that she was not entitled to indemnification in the Eustache Action.  Exh. "A", ¶ 5.

With respect to the second element of collateral estoppel, it is undisputed that the Article 78 Proceeding was actually litigated  and decided. The Plaintiff commenced the Article 78 Proceeding and on August 28, 2020 the State Court denied her application on the merits.  Exh. "C".

With respect to the third element of collateral estoppel, it is undisputed that Plaintiff had full and fair opportunity to litigate the Article 78 Proceeding.  Plaintiff's counsel commenced the Article 78 Proceeding and presented affidavits and exhibits.  Exh. "C".

With respect to the final element, it is undisputed that the issues previously litigated in the Article 78 Proceeding, whether the Plaintiff was entitled to indemnification and the conduct of the New York City Law Department and Attorney Finder, were necessary to support a valid and final judgment on the merits.  During the Article 78 Proceeding the Plaintiff raised the same baseless claims that Attorney Finder committed fraud, made misrepresentations and deceptively examined her cell phone.    The State Court found not basis to the Plaintiff's allegations.  Exh. "C", p. 5.

As the issues presented against the New York City Law Department and Attorney Finder are barred by collateral estoppel, they are entitled to dismissal of the Amended Complaint.

## II
## <u>PLAINTIFF'S CLAIMS FAIL TO STATE A CAUSE OF ACTION</u>

Notwithstanding that the allegations contained in the Amended Complaint are barred by

the doctrine of the collateral estoppel, Plaintiff's causes of action contain fatal deficiencies.

### A.  Discrimination/Retaliation/Hostile Work Environment/NYS Executive Law §296

Discrimination claims under Title VII of the Civil Rights Act require a plaintiff to plead and

show that "(3) [s]he suffered an adverse employment decision or action; and (4) the decision or

action occurred under circumstances giving rise to an inference of discrimination based on [her]

membership in the protected class." <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). The

Plaintiff's claims that the adverse employment action was her prosecution for sexual harassment

and racism statements toward Eustache and false nature of the claims give rise to an inference of

discrimination her based upon her race and gender.  Exh. "A".  Plaintiff's complaint fails to state

a cause of action because the complaints made by Eustache were not false.  Thus, the Plaintiff does

neither pleads nor can she establish the decision to formally bring charges against her creates an

inference of discrimination based on her membership in the protected class.

To establish a prima facie case that the defendant has retaliated against the plaintiff for

opposing unlawful employment practices under Title VII, the plaintiff must plead and prove: "(1)

[s]he engaged in a protected activity; (2) [her] employer was aware of this activity; (3) the

employer took adverse employment action against [her]; and (4) a causal connection exists

between the alleged adverse action and the protected activity." <u>Schiano v. Quality Payroll Sys.,

Inc.</u>, 445 F.3d 597, 608 (2d Cir. 2006) (internal quotation marks omitted); *see* 42 U.S.C. § 2000e-

3(a).  The Plaintiff's Complaint fails to allege any protected activity.  Assuming the Plaintiff did

engage in a protected activity, there was no causal connection between the meritorious prosecution of Plaintiff for sexual harassment and racism statements and the protected activity.

In order to establish a hostile work environment claim, the plaintiff must plead and show that she subjectively perceived the environment to be hostile and abusive, and that an objectively reasonable employee also would perceive it as hostile. Schiano, 445 F.3d 597, 604-05 (2d Cir. 2006). "A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." Brennan v. Metro Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999). The Plaintiff's claims that the hostile work environment was her prosecution for sexual harassment and racism statements toward Eustache based upon false statements. Exh. "A". Plaintiff's Amended Complaint fails to state a cause of action because the complaints made by Eustache were not false. Thus, the Plaintiff does neither pleads nor can she establish that she was subjected to the hostility because of her membership in a protected class.

**B. Judicial Law, Invasion of Privacy and Fourth Amendment Claims**

Presumably, Plaintiff's claims under Judicial Law, Invasion of Privacy and Fourth Amendment arise from New York City Law Department's examination of her cell phone. On May 20, 2019, the Plaintiff met with Attorney Finder who requested that the Plaintiff's cell phone be examined and "run it for evidence". Exh. "C", p. 3.   The Plaintiff voluntarily provided her cell phone, which showed that the relevant text messages were deleted. Exh. "B", ¶3; Exh. "C", p. 3. Moreover, the State court in the Article 78 Proceeding held that the New York City Law Department and Attorney Finder "did not commit fraud, misrepresentation and/or deception." Exh. "C", p. 5.  Thus, defeating any invasion of privacy and/or Fourth Amendment claim.

### C.  "Monell" Claim

To hold a municipality liable under for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978).  Plaintiff's Amended Complaint fails to allege any official policy or custom.  Plaintiff's Complaint attempts to rest her municipal claims entirely on her own experiences, which is insufficient to sustain a Monell claim.  See Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992).

### D.  Defamation/Slander/Stigma Plus

Under New York law, a claim for defamation must allege (1) a false statement about the complainant; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on the part of the publisher; (4) that either constitutes defamation per se or caused special damages.  Eustache made claims of sexual harassment, racism, and hostile work environment against the Plaintiff, which were determined to be true so the defamation/slander/stigma plus claims are precluded under doctrine of collateral estoppel.

To the extent Plaintiff alleges that the remaining defendants are liable for their participation in the §3020-a or any other legal proceedings, under New York law statements by parties and their attorneys in legal proceedings are absolutely privileged.  Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 129 (SDNY, 2002).

### E.  Federal & Pendent State Law Claims

Plaintiff's cause of action under "Federal & Pendent State Law Claims" merely states that the defendants had a duty to not to subject the plaintiff to constitutional violations, summary

punishment, improper charges, false evidence, stigma malicious prosecution, abuse of process, false and improper investigation.

Given the previous judicial findings, Defendants did not subject the plaintiff to constitutional violations, summary punishment, improper charges, false evidence, stigma malicious prosecution, abuse of process, false and improper investigation.

**F. Malicious Prosecution**

To maintain a cause of action a plaintiff must allege that (1) the defendant commenced a proceeding against her; (2) the prosecution ended in plaintiff's favor; (3) there was a lack of probable cause for commencing the proceeding; and (4) the defendant acted with malice. See Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997).

There were two actions commenced against the Plaintiff; (1) DOE brought formal charges against the Plaintiff pursuant to NYS Education Law §3020-a, and (2) the Eustache Action. Plaintiff's complaint fails to state a cause of action because she does not plead and cannot establish the second and third elements for either action.

With respect to the second element of malicious prosecution, the NYS Education Law §3020-a prosecution did not end in plaintiff's favor. Exh. "E", p. 29. In addition, the claims against the Plaintiff in the Eustache Action have not ended because the action is continuing. Exh. "F", p. 7.

With respect to the third element of malicious prosecution, there was clearly probable cause for bringing charges under NYS Education Law §3020-a because on April 25, 2022, the hearing officer, Timothy S. Taylor, Esq., found by a preponderance of the evidence that the Plaintiff was guilty. Exh. "E", p. 29. In addition, there was probable cause for the claims against the Plaintiff in the Eustache Action because the State Court denied her motion to dismiss. Exh. "F", p. 7.

Given that the Plaintiff was neither successful in §3020-a hearing or in the Eustache Action, the Plaintiff's complaint fails to state a cause of action.

### G. Abuse of Process

To properly plead and establish abuse of process, the Plaintiff must allege that Defendants (1) employed regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." See Savino v. City of New York, 331 F.3d 63, 76 (2d Cir. 2003).  More importantly, Plaintiff "must allege and prove actual or special damages" and the filing of complaint, even in bad faith, will not fulfill the requirement of special damages. Board of Ed. of Farmingdale Union Free School Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., 38 N.Y.2d 397 (1975).

Plaintiff's Amended Complaint fails to allege that the prior legal process to compel performance or forbearance of some act and special damages.

### H. Negligence and Negligent Retention/Negligent and/or Intentional Infliction of Emotional Distress

Negligence claims require the plaintiff to plead and prove that the employer knew about (or reasonably should know about) the offensive conduct but fails to take appropriate remedial action.  Richardson v. New York State Dep't of Correctional Serv., 180 F.3d 426, 1999 U.S. App. LEXIS 13249 (2nd Cir. 1999).  Plaintiff amended complaint does not plead and she can not prove any necessary negligence elements.

### I. Prima Facie Tort

"[P]rima facie tort was designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy, and not to provide a 'catch all'

alternative for every cause of action which cannot stand on its legs".  <u>Belsky v Lowenthal</u>, 62

AD2d 319, 323, affd 47 NY2d 820 (1979).

Given the other causes of actions commenced by the Plaintiff, she cannot show that

no traditional tort provides a remedy.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their motion be

granted and that the Plaintiff's Amended Complaint be dismissed in its entirety, together with

such other and further relief as this Court deems just and proper.

Dated: New York, New York
      July 13, 2023


By:        /s/
        Steven DiSiervi


TO:    Cory H. Morris, Esq. (VIA EMAIL)
      The Law Offices of Cory H. Morris
      135 Pinelawn Road, Suite 250a
      Melville NY 11747