Docket No:   1:22-cv-07925-PGG-RFT

# United States District Court

## SOUTHERN DISTRICT OF NEW YORK

**SHARON LaFIA**

*Plaintiffs*

–v–

**NEW YORK CITY, BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, A/K/A THE NEW YORK CITY DEPARTMENT OF EDUCATION, JEFFREY EUSTACHE IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY, PRINCIPAL INDIRA MOTA, IN HER INDIVIDUAL AND IN HER OFFICIAL CAPACITY, LINDSAY CICILLINI, IN HER INDIVIDUAL AND IN HER OFFICIAL CAPACITY, NEW YORK CITY LAW DEPARTMENT, FORMER NEW YORK CITY LAW DEPARTMENT ATTORNEY BRITTNEY JORDAN FINDER, IN HER INDIVIDUAL AND IN HER OFFICIAL CAPACITY, AND JOHN AND JANE DOES NOS. 1-10;**

*Defendants,*

# OBJECTIONS TO UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for Sharon LaFia*
Office & P.O. Address
863 Islip Avenue
Central Islip NY 11722
Phone: (631) 450–2515
FAX:   (631) 223–7377
Email:  Cory.H.Morris@protonmail.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ..................................................................................... 1

STANDARD OF REVIEW ............................................................................................. 5

POINT I.  THE UNITED STATES MAGISTRATE JUDGE ERRONEOUSLY MADE
FINDINGS OF FACT ON DISPUTED ISSUES BEFORE THE COURT .............................. 8

    A.    The Report and Recommendation erroneously finds voluntariness, that Plaintiff gave
consent to the search of the cellular phone, when Plaintiff did not provide consent and, as it
acknowledged, Plaintiff did not know Defendant Finder did not represent Plaintiff when she
gave over her phone ........................................................................................................... 8

    B.    The Report and Recommendation erroneously dismisses claims that the Defendants
failed to address (or even mention) and should not be adopted ........................................... 10

    C.    Defendants Perfunctory if not Forfeited Arguments of Claims Should Preclude
Dismissal, the Report and Recommendation/Motion to Dismiss, when reviewed *De Novo*,
should preclude the findings drawn against Plaintiffs Amended Complaint ........................ 12

POINT II. THE REPORT AND RECOMMENDATION CITES THE INCORRECT LAW,
AND IN SOME CASES THE PLEADINGS, AND IS CONTRARY TO LAW ................... 13

    A.    The Court Must Reject the Report and Recommendation Regarding Plaintiff's
Discrimination, Hostile Work Environment and Retaliation Claims as Incorrect Legal
Standards Were Applied and Impermissible Findings of Fact Made ................................... 13

    B.    Hostile Education Environment .................................................................................. 21

    C.    Defamation/Slander/Stigma Plus ............................................................................... 21

    D.    Federal & Pendant State Law Claims ......................................................................... 22

    E.    Malicious Prosecution and Abuse of Process .............................................................. 22

    F.    Abuse of Process ....................................................................................................... 24

    G.    Negligence and Negligent Retention/Negligent and or Intentional Infliction of .......... 24

    Emotional Distress ......................................................................................................... 24

    H.    Prima Facie Tort ....................................................................................................... 25

POINT III. PLAINTIFF WILL AVAIL ITSELF OF THE REPORT AND
RECOMMENDATION ALLOWING IT TO REPLEAD ...................................................... 25

CONCLUSION............................................................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Anderson News, L.L.C. v. Am. Media, Inc*., 680 F.3d 162, 185 (2d Cir. 2012)........................ 7

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)............................................................................ 7

*Bautista v. PR Gramercy Square Condominium*, 642 F. Supp. 3d 411, 427 (S.D.N.Y. 2022) .............................................................................................................................................. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)........................................................... 7

*Burlington N. v. Santa Fe Ry. Co. v. White,* 548 U.S. 53, 71, 126 S.Ct. 2405, 165 L. Ed. 2d 345 (2006).............................................................................................................................. 18

*Chambers v. TRM Copy Centers Corp.*, 43 F.3df 29, 37 (2nd Cir. 1994) .............................. 17

*Charles v. City of New York*, No. 21 CIV. 5567 (JPC), 2023 WL 2752123, at *8 (S.D.N.Y. Mar. 31, 2023)......................................................................................................................... 14

*Cherry v. American Tel. & Tel. Co.*, 47 F.3d 225, 229 (7th Cir.1995) .................................. 18

*Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir.1999).................................... 18

*Cuoco v. Moritsugu,* 222 F.3d 99, 112 n.4 (2d Cir. 2000) ...................................................... 12

*Doolittle v. Bloomberg L.P.*, 2023 WL 7151718, at *7 (S.D.N.Y. Oct. 31, 2023) ............... 15

*Drimal v. Tai*, 786 F.3d 219, 223 (2d Cir. 2015)..................................................................... 8

*Easley v. Cromartie*, 532 U.S. 234, 243 (2001) ...................................................................... 6

*Europe v. Equinox Holdings, Inc.*, No. 20 Civ. 7787 (JGK), 2022 WL 4124763, at *7 n.10 (S.D.N.Y. Sept. 9, 2022)........................................................................................................ 14

*Eustache v. New York City Dep't. of Ed. et al.*, 221 A.D.3d 452, 198 N.Y.S.3d 58 (1st Dep't. 2023) ........................................................................................................................................ 4

*Golding v. City of New York* 15-cv-3498 (S.D.N.Y. Sep. 27, 2016)........................... 6, 11, 13

*Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) ......................................... 18, 19

*Grytsyk v. Morales*, 527 F. Supp. 3d 639, 650–51 (S.D.N.Y. 2021)( ................................... 12

*Hargett v. National Westminster Bank, USA*, 78 F.3d 836, 839–40 (2d Cir.1996)............... 19

*Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010)........................................................... 11

*Hayut v. State University of New York*, 352 F.3d 733 (2d Cir. 2003) .................................... 10

*Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir. 2009) ............................................................... 12

*Johnson-Tucker v. Loyoyla School*, No. 23-CV-1351 (S.D.N.Y. Jan. 25, 2024) .................. 10

*Kopec v. Coughlin,* 922 F.2d 152, 154-55 (2d Cir. 1991) ..................................... 11

*L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) ................................... 8

*Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th 293 (2d Cir. 2021) .................. 1, 7, 9, 11

*Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ................................. 8, 11

*Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 114 (2d Cir. 2013) ............................................................................................................... 15, 16

*Moore v. Hadestown Broadway Ltd. Liab. Co.*, No. 23-CV-4837 (LAP), 2024 WL 989843, at *5 (S.D.N.Y. Mar. 7, 2024) ................................................................. 15

*Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 68 (S.D.N.Y. 2016) ......... 15

*Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ...................................... 12

*Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 464 (2d. Cir. 1989) .............................. 17

*Redd v. N.Y. State Div. of Parole*, 2012 U.S. App. LEXIS 9194, 17-18 (2d Cir. N.Y. May 4, 2012) ...................................................................................................... 17

*Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 1999 U.S. App. LEXIS 13249 (2nd Cir. 1999) ............................................................................ 24

*Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 58-59 (2d Cir. 2010) ......... 7

*Sahu v. Union Carbide Corp.*, 548 F.3d 59 (2d Cir. 2008) ..................................... 7

*Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 155-56 (S.D.N.Y. 2022) ............ 15

*Schneckloth v. Bustamonte,* 412 U.S. 218 at 227 (1973) ...................................... 8

*Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995) ....................................................................... 6, 13

*Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir. 1994) ................................... 7, 9, 13

*SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) ...................................................................... 12

*Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 684 (2d Cir.1998) ................... 19

*Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) ........................................ 5, 11

*Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093 L.Ed.2d 207 (1981) ................................................................. 17

*Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) .................................. 6

iv

*Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) ........................................................................................................ 6, 13

*Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ........................................ 12

*Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 n. 11 (2d Cir.1995) ............................ 19

*U.S. v. Gellerstein*, 08-CV-2702 (KAM) (JO), at *3 n. 1 (E.D.N.Y. Feb. 22, 2011) .............. 6

*United States v. Male Juvenile*,121 F.3d 34, 38 (2d Cir. 1997).................................. 6

*United States v. O'Brien,* 926 F.3d 57, 76 (2d Cir. 2019) ........................................ 9

*United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) ................................... 6

*Wilson v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 4558 (JMF), 2021 WL 5179914, at *13– 14 (S.D.N.Y. Nov. 8, 2021) ........................................................................................ 16

**Statutes**

28 U.S.C. § 636(b)(1) ........................................................................................ 1, 5, 8, 11

New York Executive Law § 296 ........................................................................ 13

New York Executive Law § 296(h)...................................................................... 15

New York Executive Law § 300 .......................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................ 11, 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 8, 11

Fed. R. Civ. P. 12(c) ............................................................................................ 11

Fed. R. Civ. P. 72................................................................................................ 5

Fed. R. Civ. P. 72(a) .......................................................................................... 6

Fed. R. Civ. P. 72(b) .......................................................................................... 8

## PRELIMINARY STATEMENT

Plaintiff, SHARON LAFIA, by her attorneys, The Law Offices of Cory H. Morris and Cory H. Morris, Esq., respectfully submits the herein Objections to the United States Magistrate Judge ("USMJ") Robyn F. Tarnofsky's Report and Recommendation ("R & R"), D.E. 69, insofar as it fails to cite the applicable law in some aspects, and is thus clearly erroneous, does not correctly cite the facts (e.g. that the Supreme Court action filed against Plaintiff Sharon LaFia by Jeffrey Eustache was dismissed by the First Department) and incorrectly resolves disputed if not material issues of fact against the Plaintiff, the nonmovant, in dismissing all of Plaintiff's claims.

USMJ Robyn F. Tarnofsky did correctly decide that collateral estoppel (R & R, D.E. 69) was inapplicable as Plaintiff's claims were not litigated in the 3020-a hearing. USMJ Robyn F. Tarnofsky, however, erroneously resolved issues of fact that preclude judgment on the pleadings. See *Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th 293, 301 (2d Cir. 2021). In some instances, Hostile Education Environment for example, there was no mention by The Court at all. The Court appeared to erroneously dismiss some of Plaintiff's claims that were not even addressed by the Defendants and the R & R applied the incorrect legal standard against the nonmoving Plaintiff.

Accordingly, Plaintiff respectfully requests this Court "reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), or, should it please the Court, "receive further evidence or recommit the matter to the magistrate judge with instructions" if contested issues of fact are to be resolved against the nonmoving party, *id,* together with all other relief that this Honorable Court deems just and proper, inclusive of the ability to amend the complaint.

## FACTUAL BACKGROUND

All salient underlying facts are incorporated into the legal arguments, *infra*. In May 2019, Defendant Jeffrey Eustache ("Eustache") commenced a proceeding in the Supreme court, New York County, *Eustache v. DOE, et. al*, Index No. 153619/2019 (herein "Eustache Action") against the New York City Department of Education ("DOE") and Plaintiff for sexual harassment, race discrimination and hostile work environment, the charges the Hearing Officer had already determined in Plaintiff's favor.  The State Court dismissed all of Eustache's allegations (the three causes of action) against Plaintiff LaFia by Eustache in its entirety. Eustache appealed the decision and sought reargument; the Court granted Eustache's motion to reargue solely as to his retaliation claims against the Department of Education and Plaintiff LaFia, not for any other claims alleged in Eustache's complaint. The Appeals Court, First Department, later affirmed dismissal of all claims against Sharon LaFia by Defendant Eustache. Plaintiff also pursued an Article 78 hearing when Defendants refused to represent Plaintiff in the Eustache Action but now Defendants appear to be represented, all together (e.g. Eustache who is suing NYC/DOE), by one person.

Plaintiff worked for the Defendant DOE as a teacher for children with disabilities for twenty years without any issues, discipline or complaints.  It was not until Plaintiff, along with approximately two (2) other Special Education teachers received complaints from parents and children alike of verbal and physical abuse of disabled students by Defendant Eustache and Plaintiff acted by reporting said complaints of abuse to Defendants the Spring of 2018 were any allegation of wrongdoing made against Plaintiff.

As a mandated reporter Plaintiff brought the complaints made by the parents and children to the attention of Defendants. Within a few months, on the last day of school in June 2018, Defendant Eustache lashed out and retaliated against Plaintiff by making false allegations of sexual

harassment and racism against Plaintiff. Notably, Defendant Eustache, a paraprofessional, had recently returned from a suspension without pay in April 2018, for watching pornography on his cell phone while in the classroom with middle school Special Education Students. Students reported the watching of said pornography. Defendant Eustache, however, blamed Plaintiff for said suspension for viewing pornography and reporting of his abuse of special education students.

Should this Court proceed to Summary Judgment, determining issues of material fact based upon the record, it will review the transcripts of sworn testimony presented during the DOE hearing *In re: NY DOE vs. Sharon La Fia* Section 3020- [File #36, 157] include but are not limited to the following:  1) Defendant Eustache physically assaulted special education students; 2) Defendant Eustache threatened to physically "beat up" special education students; 3) Defendant Eustache cursed at special education students; 4) Defendant Eustache threatened a special education student that he would call Child Protective Services and have said student removed from their home for no valid reason except to terrify the child; 5) Defendant regularly verbally abused said students; 6) said Defendant was caught by a minor female student viewing pornography on his cell phone while on duty; and 7) Defendant was reported coming to work in the classroom smelling of marijuana. At this point, issues of fact should be determined based on sworn testimony.

Defendants failed to investigate the complaints regarding Defendant Eustache's abuse of the middle school Special Education students, and instead persecuted Plaintiff for reporting serious disciplinary issues with Defendant Eustache. Defendant Eustache is a convicted felon. Defendant Eustache's vengeance and retaliation culminated in Defendant Eustache filing a lawsuit against Plaintiff and Defendant NYC DOE, which was dismissed by the lower court and was affirmed on appeal. *See Jeffrey Eustache v. Board of Education of the City School District of the City of New York et al*, Index No. 153619/2019, docket available at https://bit.ly/3xmuuTr, Appellate Division,

First Department, Docket No. 2022-01128, (https://bit.ly/3BFnaF6), *Eustache v. New York City Dep't. of Ed. et al.*, 221 A.D.3d 452, 198 N.Y.S.3d 58 (1st Dep't. 2023). The Court held that "The claims against LaFia, however, were properly dismissed," *id.* at 453, affirming the lower court that "granted defendant Sharon LaFia's motion to dismiss, unanimously modified, on the law, to deny DOE's motion to dismiss, and **otherwise affirmed**." *Id.* at 452 (emphasis added).

Defendants Eustache and Lindsay Cicillini (herein "Defendant Cicillini") colluded to cause Plaintiff to suffer injuries, as said Defendants were good friends with similar prurient interests. For some years, Plaintiff would commute to work with Defendant Cicillini, as both Plaintiff and Defendant Cicillini lived on Long Island at all relevant times. During their commute to work, Defendant Cicillini would often take Plaintiff's cell phone while Plaintiff was driving and send texts to individuals without Plaintiff's permission. Said texts included sexual texts to Plaintiff's husband, who Plaintiff never sent such texts to herself. In fact, at the disciplinary hearing for Plaintiff by DOE, several teachers testified under oath that Defendant Cicillini had a practice of commandeering teacher's and DOE employees cell phones and sending out inappropriate texts without the owner's permission. Ms. Cicillini was disciplined prior to the here incident for using other colleagues' cell phones without permission to text explicit messages.

Defendant Eustache testified at the 3020-A hearing that he did not know for a fact whether Defendant Cicillini or Plaintiff sent him the text message that is subject to the litigation, he just "assumed:" it was Plaintiff. Defendants retaliated against Plaintiff by putting Defendant Eustache back in the classroom with Plaintiff, a paraprofessional whom Plaintiff had made numerous complaints about and who was unquestionably a danger to herself and her students. Defendants then removed Plaintiff from the school and sent her to a "rubber room" a considerable distance from her home. Defendants knew in July 2022 that Plaintiff's fifteen year old daughter had cancer

4

and was undergoing an "intense treatment regimen involving chemotherapy and surgery" at Memorial Sloan Kettering Kids.

Though Plaintiff applied for a hardship transfer with Defendant DOE, based on Plaintiff's child's cancer treatments, Defendant DOE denied said transfer. Plaintiff also received her school reassignment late from Defendant DOE for the 2022/2023 school year and was wrongfully docked pay from September 6, 2022 to September 9, 2022. Plaintiff even proactively applied to other Special Education positions at Defendant DOE, for which she was denied.

Defendant DOE refused to facilitate Plaintiff's needs regarding travel time for the purposes of Plaintiff's minor daughter's cancer treatments. Plaintiff believes, based on how other employees have been accommodated by Defendant DOE (or even how LaFia's not Eustache's phone was searched) in similar circumstances, discovery will reveal that Defendant DOE retaliated by treating Plaintiff differently than other employees in similar circumstance and, in accordance with the law in this judicial circuit, believe that the questions of fact that are in dispute in these pleadings can more appropriately be resolved at jury trial if not a summary judgment motion.

## STANDARD OF REVIEW

A district court reviews *de novo* all portions of a magistrate judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72. The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," or may "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). "*De novo* review of those portions of the magistrate's report and findings to which a party timely objects is mandated by statute . . . and was crucial to the constitutionality of the Federal Magistrate Act, as amended." *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990); *see also* 12 Charles A. Wright & Arthur R. Miller, *Federal Practice*

*and Procedure* § 3070.2 (2d ed. 2017) (district judge "must not . . . rubber stamp" magistrate's facts and legal conclusions when conducting de novo review).

"The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. …" *U.S. v. Gellerstein*, 08-CV-2702 (KAM) (JO), at *3 n. 1 (E.D.N.Y. Feb. 22, 2011). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Where, as here, a party makes specific objections to a magistrate judge's findings, the court must make a de novo determination. See, e.g., *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); *U.S. v. Gellerstein*, 08-CV-2702 (KAM) (JO), at *8 (E.D.N.Y. Feb. 22, 2011)

> "Pursuant to Fed. R. Civ. P. 72(a), when a magistrate judge enters an order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also *Thomas E. Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (pre-trial discovery issues are generally considered non-dispositive matters). A finding is "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A finding is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted)."

*Golding v. City of New York* 15-cv-3498 (S.D.N.Y. Sep. 27, 2016).

On a motion to dismiss "'only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . .

be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' . . . 'When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Ruston v. Town Board for the Town of Skaneateles*, 610 F.3d 55, 58-59 (2d Cir. 2010). The lower court *must* give notice to Plaintiff before determining issues of material fact and treating the motion to dismiss as a motion for summary judgment. See *Sahu v. Union Carbide Corp.*, 548 F.3d 59 (2d Cir. 2008).

Second Circuit holds that "judgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citations and quotations omitted). Indeed, "where a 'question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings.'" *Id.* at 301-302 (quoting *Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir. 1994)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While the plausibility test "asks for more than a sheer possibility that a defendant has acted unlawfully" (*id.*), it "does not impose a probability requirement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The district court should not resolve competing factual inferences on a motion to dismiss. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. '[F]act-specific question[s] cannot be resolved on the pleadings.' A court ruling on such a motion may not properly dismiss a complaint that states a

plausible version of the events merely because the court finds a different version more plausible");

*Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"). "Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

The standard of review of Magistrate Judge Robyn F. Tarnofsky's Report and Recommendation for the dismissal of the herein action under Rule 12(b)(6) pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) is *de novo*. *Drimal v. Tai*, 786 F.3d 219, 223 (2d Cir. 2015).

## ARGUMENT

### POINT I.
### THE UNITED STATES MAGISTRATE JUDGE ERRONEOUSLY MADE FINDINGS OF FACT ON DISPUTED ISSUES BEFORE THE COURT

**A. The Report and Recommendation erroneously finds voluntariness, that Plaintiff gave consent to the search of the cellular phone, when Plaintiff did not provide consent and, as it acknowledged, Plaintiff did not know Defendant Finder did not represent Plaintiff when she gave over her phone**

It is uncontested that 1) Defendants demanded Plaintiff's cell phone from Plaintiff; 2) removed the cell phone from Plaintiff; and 3) hacked Plaintiff's cell phone without Plaintiff's permission or knowledge.  Under the Fourth Amendment Analysis, "Whether consent to a search "was in fact `voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte,* 412 U.S. 218 at 227 (1973). "[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing

the motion is unlikely to prevail at trial." *Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citations and quotations omitted).

At the time Defendant Brittany Finder, acting as attorney within the Office of the Corporate Counsel of New York City, Defendant Finder intended to access the contents of Plaintiff's phone knowing Plaintiff was waiting for Defendants to inform Plaintiff who in Defendant City's Corporate Counsel would be representing Plaintiff in the litigation filed by Defendant Eustache. Defendants, as lawyers, accepted service on her behalf. Indeed, "where a 'question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings.'" *Id.* at 301-302 (quoting *Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir. 1994)).

It is uncontested that Defendant New York City accepted service of the Notice of Claim filed by Defendant Eustache on Plaintiff's behalf. Defendant Finder, an attorney, failed to inform Plaintiff that she should retain (or have independent) counsel, prior to Defendant Finder demanding Plaintiff's cell phone. "When the government seeks to justify a search based on consent, it "has the burden of proving that the consent was, in fact, freely and voluntarily given." *United States v. O'Brien,* 926 F.3d 57, 76 (2d Cir. 2019) (internal quotation marks omitted). Plaintiff was under the impression that the meeting arranged by Defendant Finder was solely for the purpose of discussing the representation of Plaintiff by Defendant NYC. Defendant Finder failed to inform Plaintiff that the meeting was adversarial in nature, and as such Plaintiff's Union Representative was not present at said meeting.   If Plaintiff had been informed of the true nature of the meeting with Defendant Finder, Plaintiff would have sought to have her Union Representative present at the very least. Within days of seizing Plaintiff's phone, Defendant City then informed Plaintiff that Defendant City would not represent Plaintiff in any of the litigation commenced by Defendant Eustache

(whose cellular phone was *not* searched). Plaintiff asserts that Defendant Finder's actions were calculated subterfuge to obtain Plaintiff's cell phone before Plaintiff could seek her own counsel.

The report and recommendation erroneously dismisses the Fourth Amendment claim by stating their was consent when Defendant Finder only told Plaintiff, *after accepting service as attorney on LaFia's behalf and <u>after</u> she took her phone*, that she may not represent Plaintiff. The pleadings establish the same and not that "believing that turning the phone over was a precondition to being represented," D.E. 69, P. 5, because Defendants New York City and Finder accepted service of process on her behalf. Indeed, the Report and Recommendation states that "[t]he AC alleges that, at the meeting, Finder said she represented Plaintiff before copying the phone, and only told her afterwards that Finder did not represent her." *Id.* (citing ECF 68, AC ¶ 73).

### B. The Report and Recommendation erroneously dismisses claims that the Defendants failed to address (or even mention) and should not be adopted

Plaintiff properly plead, and Defendants never even moved to dismiss, Plaintiff's Family Medical Leave Act ("FMLA") claims or Hostile Education Environment (see *Hayut v. State University of New York*, 352 F.3d 733 (2d Cir. 2003) and *Johnson-Tucker v. Loyoyla School*, No. 23-CV-1351 (JGLC) (S.D.N.Y. Jan. 25, 2024)) claims. FMLA claims were plead with the necessary specificity that Defendant was an employer under the FMLA (ECF 68 ¶ 212), it was for her juvenile daughter suffering from cancer (ECF 68 ¶ 218), that Plaintiff was eligible for FMLA (ECF 68 ¶ 211), that Plaintiff was entitled (*id.* at ¶ 213), that Plaintiff gave notice to take leave (*id.* at ¶ 214), on June 28, 2022 Plaintiff received an electronic mail as to where to report in September, 2022 (*id.* at ¶ 216), reassigned unless any other FMLA eligible employee and that all the males received FMLA (*id.* at ¶ 217) notice immediately when Plaintiff did not receive the same notice (by electronic mail), it took three (3) weeks for Plaintiff to be approved (*id.* at ¶ 219), Plaintiff

complained and she was not treated the same as other male workers (*id.* at ¶ 220) as otherwise eligible males and the injury was that Plaintiff lost several days.

No discovery was conducted, factual findings at this point at premature, and there is no requirement that Plaintiff needed to name, specifically, the make persons who did not suffer an adverse employment act. Likewise, the convicted felon watching pornography and threatening students in a special education setting is omitted. After reviewing successive pleadings, The Court in this case may "receive further evidence or recommit the matter to the magistrate judge with instructions," 28 U.S.C. § 636(b)(1), or conduct a "*De novo* review of those portions of the magistrate's report and finding," *Taylor v. Farrier*, 910 F.2d at 520, see also *Golding v. City of New York* 15-cv-3498 (S.D.N.Y. Sep. 27, 2016). Respectfully, such claims should have survived.

In *McCoy v. Goord*, 255 F. Supp. 2d 233 (S.D.N.Y. 2003), the Court considered that "Rule 12(b) provides that if, on a 12(b)(6) motion, 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment,' and the parties must be given a reasonable opportunity to present all 'pertinent' materials." *Id.* (quoting Fed.R.Civ.P. 12(b)); see *Kopec v. Coughlin,* 922 F.2d 152, 154-55 (2d Cir. 1991). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.,* 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York,* 952 F.3d 67, 75 (2d Cir. 2020)). Likewise, "a court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Id.* "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010)). In making this

assessment, the Court "draw[s] all reasonable inferences in [the plaintiff's] favor." *Id.* (quoting *Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir. 2009)).

Here, the R & R erroneously draws reasonable inferences against the nonmovant and decided to dismiss claims that were not even mentioned, *not at all*, by the Defendants. Accordingly, This Honorable Court should not grant dismissal on matters not even addressed by Defendants.

### C. Defendants Perfunctory if not Forfeited Arguments of Claims Should Preclude Dismissal, the Report and Recommendation/Motion to Dismiss, when reviewed *De Novo*, should preclude the findings drawn against Plaintiffs Amended Complaint

The Court in *Grytsyk v. Morales* made the following determination regarding the insufficiency of an argument put forth by Defendants regarding a civil § 1983 false arrest claim against a police officer: "[I]n their opening memorandum of law, Defendants **merely recite the elements** of the crime **in a single sentence**, and then **assert in conclusory fashion** that Grytsyk committed it. … Accordingly, for purposes of this motion, Defendants have **forfeited any argument** that there was probable cause (or arguable probable cause) to arrest Grytsyk for the offense of disorderly conduct." *Grytsyk v. Morales*, 527 F. Supp. 3d 639, 650–51 (S.D.N.Y. 2021)(*Emphasis* added)(*citing Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived ...."); *SOHC, Inc. v. Zentis Food Sols. N. Am., LLC*, No. 14-CV-2270 (JMF), 2014 WL 6603951, at *1 (S.D.N.Y. Nov. 20, 2014) ("[A] "single, conclusory, one-sentence argument" is insufficient to raise an issue in the first instance." (*quoting Cuoco v. Moritsugu,* 222 F.3d 99, 112 n.4 (2d Cir. 2000))).

Defendants' arguments, under POINT II of Defendants' Memorandum of Law for example, provide one to two sentence of law followed by a conclusory statement. (Def. MTD, p.

16-21). Plaintiff will discuss each incorrect pleading standard adopted by the R &R, misstatements of law and fact, as well as the sufficiency of Plaintiff's pleadings *infra*. It is respectfully submitted that Defendants' insufficient "arguments" in POINT II A-G (*see id.* Def. MTD, p. 16-21) should have resulted in the denial of Defendants' motion to dismiss the Amended Complaint and deem the Defendants' have waived all arguments for the purpose of Defendants motion to dismiss. *Golding v. City of New York* 15-cv-3498 (S.D.N.Y. Sep. 27, 2016).

Plaintiff respectfully avers that the Report and Recommendation findings are "contrary to law" insofar as it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted). Lastly, to the extent "a 'question [of fact] is in dispute, it [is] improper for the district court to answer it on a motion for dismissal on the pleadings.'" *Lively v. WAFRA Inv. Advisory Group, Inc.*, 6 F.4th at 301-302 (quoting *Sheppard v. Beerman,* 18 F.3d 147, 151 (2d Cir. 1994)). Accordingly, Plaintiff's entire Amended Complaint should not have dismissed.

## POINT II.
## THE REPORT AND RECOMMENDATION CITES THE INCORRECT LAW, AND IN SOME CASES THE PLEADINGS, AND IS CONTRARY TO LAW

**A. The Court Must Reject the Report and Recommendation Regarding Plaintiff's Discrimination, Hostile Work Environment and Retaliation Claims as Incorrect Legal Standards Were Applied and Impermissible Findings of Fact Made**

**i)** **The R&R Applied the Incorrect Standard in The Recommendation of Dismissal of Plaintiff's Claims Pursuant to NYSHRL**

The Court erroneously applied the Title VII standard for discrimination, harassment and retaliation to Plaintiff's same claim pursuant to New York Executive Law § 296 (herein

"NYSHRL") (*LaFia v. City of New York et.al*, Index No. 22 Civ 07925 (PGG)(RFT), Report and Recommendation, DE 69. p. 21 Fn. 11). "The NYSHRL was amended in 2019, with two changes that are relevant to Charles's state hostile work environment claim. The first is the previously discussed language added to New York Executive Law section 300 directing that the NYSHRL '*be construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed.*' " N.Y. Exec. Law § 300 (*emphasis* added). The amendment was signed into law on August 12, 2019, and this liberal construction language applies to causes of action accruing on or after that date." *Charles v. City of New York*, No. 21 CIV. 5567 (JPC), 2023 WL 2752123, at *8 (S.D.N.Y. Mar. 31, 2023); 2019 N.Y. Sess. Laws chap. 160 §§ 6, 16(d); id. chap. 161 § 4(d); see *Europe v. Equinox Holdings, Inc.*, No. 20 Civ. 7787 (JGK), 2022 WL 4124763, at *7 n.10 (S.D.N.Y. Sept. 9, 2022). Said standards were amended pursuant to New York State Legislation which took effect in October 2019. The Court sites to case law which predates said amendments. (*See* R&R, pg. 21, Fn. 11). The current NYSHRL standards differ distinctly from Title VII as evidence directly *infra*:

> (h) [F]or an employer, …… to **subject any individual to harassment** because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, status as a victim of domestic violence, **or because the individual has opposed any practices forbidden under this article** or because the individual has filed a complaint, testified or assisted in any proceeding under this article, **regardless of whether such harassment would be considered severe or pervasive** under precedent applied to harassment claims. Such harassment is an unlawful discriminatory practice when it **subjects an individual to inferior terms, conditions or privileges of employment** because of the individual's membership in one or more of these protected categories. The fact that such individual did not make a complaint about the harassment to such employer… shall not be determinative of whether such employer… shall be liable. **Nothing in this section**

14

> **shall imply that an employee must demonstrate the existence of an individual to whom the employee's treatment must be compared**. It shall be an affirmative defense to liability under this subdivision that the harassing conduct does not rise above the level of **what a reasonable victim of discrimination with the same protected characteristic or characteristics would consider petty slights or trivial inconveniences**.

N.Y. Exec. Law § 296(h) (emphasis added and quotation marks omitted).

Furthermore, "courts must now scrutinize discrimination claims brought pursuant to the NYSHRL under the same lenient pleading standard described above **under which NYCHRL discrimination claims are analyzed**." *Moore v. Hadestown Broadway Ltd. Liab.* Co., No. 23-CV-4837 (LAP), 2024 WL 989843, at *5 (S.D.N.Y. Mar. 7, 2024) (emphasis added); see *Doolittle v. Bloomberg L.P.*, 2023 WL 7151718, at *7 (S.D.N.Y. Oct. 31, 2023).

"All a plaintiff must do to survive a motion to dismiss a hostile work environment claim under the NYCHRL is allege she was treated "less well" due do her "membership in a protected class." *Moore v. Hadestown Broadway Ltd. Liab. Co.*, No. 23-CV-4837 (LAP), 2024 WL 989843, at *5 (S.D.N.Y. Mar. 7, 2024) (citing *Bautista v. PR Gramercy Square Condominium*, 642 F. Supp. 3d 411, 427 (S.D.N.Y. 2022) (internal quotations and citations omitted); see also *Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 155-56 (S.D.N.Y. 2022) (allegations that black plaintiff was paid less and received fewer opportunities for promotion than her non-black comparators sufficed to allege plausibly she was treated less well due, in part, to her race)).

To make out a hostile work environment claim under NYCHRL, a plaintiff need not allege "either materially adverse employment actions or severe and pervasive conduct." *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 114 (2d Cir. 2013). Rather, a plaintiff must show only "unequal treatment based upon membership in a protected class." *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 68 (S.D.N.Y. 2016). Under NYCHRL's more

lenient standards a complainant need only show that he or she was treated "less well" due to discriminatory intent, so long as said actions are more than "petty, slight, or trivial inconveniences are not actionable." *Mihalik*, 715 F.3d at 110. Ultimately meeting this standard requires showing that the plaintiff "has been treated less well at least in part *because of* [their] membership in a protected class." *Wilson v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 4558 (JMF), 2021 WL 5179914, at *13–14 (S.D.N.Y. Nov. 8, 2021).

In the herein matter, Plaintiff adequately plead that she was treated less well than Defendant Eustache, in that Plaintiff was: 1) subjected to the "rubber room"; 2) subjected to false disciplinary write ups by Defendant Mota, which Plaintiff challenged and had removed from her file based on the finding that said discipline was false; 3) subjected to the 3020 hearing in an attempt to terminate Plaintiff; 4) delayed FMLA approval which effected Plaintiff's ability to care for her child who was diagnosed with cancer and being treated at Sloan Memorial Kettering.  Defendant Eustache is a Black male who was briefly suspended for watching pornographic images on his cellphone, while on duty in the classroom which was observed by children. Defendant Eustache was never subjected to the rubber room, false disciplinary records etc.  Furthermore, Defendant City elected to represent Defendant Eustache in this legal matter and denied Plaintiff legal representation in the related State Court case brought by Defendant Eustache against Plaintiff and the Defendant City.  As such, sufficiently plead her claims for hostile work environment pursuant to NYSHRL.

### ii)     The R&R Failed to Consider the Totality of Circumstances and Applied Overly Restrictive Pleading Standards While Making Impermissible Determinations of Fact

As for the R&R's discussion regarding all elements of Title VII, Plaintiff contends that the R&R goes far beyond the pleading standard and transverses into determining issues of fact that should be before a jury.  The R&R also continually fails to look at the totality of the circumstances

by parsing out and evaluating each and every single infraction in Plaintiff's pleadings, which is contrary to the law in this Circuit.  (*See* R& R, p. 25, 27).  In fact, the R& R imposes new heightened pleading standards which goes far beyond that applied on summary judgment.[1] "Summary judgment is inappropriate when the admissible materials in the record 'make it arguable' that the claim has merit."  *Redd v. N.Y. State Div. of Parole*, 2012 U.S. App. LEXIS 9194, 17-18 (2d Cir. N.Y. May 4, 2012) (citations omitted).  Notably, in dismissing Plaintiff's discrimination claim, the R& R impermissibly fails to take Plaintiff's facts as true and weighs facts, while ignoring all of the adverse employment actions in their totality and relationship to each other:

> [F]inally. **it is not clear that Plaintiff's treatment was actually worse than Eustache's** – While she was subjected to the 3020-3 Proceeding and sent to a rubber room, he was suspended for an unstated amount of time, and there is no indication if his suspension was with or without pay.  Under these circumstances, I do not find that Plaintiff has adequately pleaded, based on the differences between her treatment and Eustache's, that the DOE Defendants acted with discriminatory intent when they made her submit to the 3020-3 Proceeding and sent her to a rubber room, which are the two actions she points to that qualify as adverse work events. (R&R, p.27)(*Emphasis* added).

Said recommendation/finding is entirely inappropriate in evaluating a motion to dismiss.  See

*Burlington N. v. Santa Fe Ry. Co. v. White,* 548 U.S. 53, 71, 126 S.Ct. 2405, 165 L. Ed. 2d 345

---

[1] In an employment discrimination case, the plaintiff has the burden at the outset of "proving by the preponderance of the evidence a prima facie case for discrimination."  *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093 L.Ed.2d 207 (1981). However, in assessing the inference that may be drawn from the circumstances surrounding the employment discrimination, the court must be alert to the fact that "employers are rarely so cooperative as to include a notation in the personnel file" that their actions are motivated by factors expressly forbidden by law.  *Chambers v. TRM Copy Centers Corp.*, 43 F.3df 29, 37 (2nd Cir. 1994) (quoting *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 464 (2d. Cir. 1989)(citations omitted).  As such, "the burden of proof that must be met to permit an employment discrimination plaintiff to survive summary judgment is *de minim[i]s*.  (*Id.*).

(2006) (leaving for jury question of whether unwanted reassignment of employee's duties following complaint of discrimination was adverse employment action for purposes of retaliation claim). This is just one such example, as the R&R is rife with such erroneous determinations. As such, the court must reject the Report and Recommendation to dismiss Plaintiff's discrimination claims pursuant to Title VII.

Furthermore, the R&R misapplied the standard for determining whether Plaintiff and Defendant Eustache were similarly situated, by applying a far stricter standard then articulated by the Second Circuit, particularly when the issue involves discrimination based on unequal discipline:

> What constitutes "all material respects" therefore varies somewhat from case to case and, as we recognized in *Norville*, must be judged based on (1) whether the plaintiff and those he maintains were similarly situated **were subject to the same workplace standards** and (2) whether the conduct for which the **employer imposed discipline was of comparable seriousness**. *See* 196 F.3d at 96. In other words, there should be an "objectively identifiable basis for comparability." *Cherry v. American Tel. & Tel. Co.*, 47 F.3d 225, 229 (7th Cir.1995). Hence, the standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical. See *Conward v. Cambridge Sch. Comm.*, 171 F.3d 12, 20 (1st Cir.1999) (explaining that "[r]easonableness is the touchstone" and recognizing that "the plaintiff's case and the comparison cases ... need not be perfect replicas").

*Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (external quotation marks omitted and internal citations preserved). Indeed,

> "[A] requirement that employees "engage in the exact same offense" in order to find them similarly situated is unwise because it would produce "a scenario where evidence of favorable treatment of an employee who has committed a different but more serious, perhaps even criminal offense, could never be relevant to prove discrimination." The determination that two acts are of comparable seriousness requires—in addition to an examination of the acts—an examination of the context and surrounding circumstances in which those acts are evaluated." *See Hargett,* 78 F.3d at 839 (noting that "determination of whether acts are of 'comparable seriousness' " does not require a "myopic examination of the acts alone").

18

*Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) (external quotation marks omitted and internal citations preserved)

The standard in the R&R applied for making the determination that Plaintiff and Defendant Eustache were not similarly situated, first, only considers that their tiles were different as teacher and paraprofessional. (R&R, p. 26-27) However this fails to consider that both Plaintiff and Defendant Eustache were subject to the same disciplinary rules, in fact those negotiated between Defendant DOE and the Union, and both had the same direct supervisor, being Defendant Mota. The R&R then continues to impermissibly make a determination that Defendant Eustache viewing porn and physically abusing special education students was serious than Plaintiff being accused of sexual harassment. (R&R, p. 26-27). This is a determination of fact that is within the purview of the jury and far exceeding the sufficiency of pleading standard on a motion to dismiss as discussed above. Whether two employees are similarly situated ordinarily presents a question of fact for the jury. See *Taylor v. Brentwood Union Free Sch. Dist.*, 143 F.3d 679, 684 (2d Cir.1998) (explaining that jury was asked to decide whether the plaintiff was treated differently from similarly situated white employees), cert. denied, 525 U.S. 1139, 119 S.Ct. 1027, 143 L.Ed.2d 37 (1999); *Hargett v. National Westminster Bank, USA*, 78 F.3d 836, 839–40 (2d Cir.1996) (noting that jury was asked to decide "similarly situated" issue); cf. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1312 n. 11 (2d Cir.1995) (whether two positions are "substantially equal" for Equal Pay Act claim is a question of fact).

Similarly, the R&R's discussion and analysis of Plaintiff's retaliation claims are fatally flawed. The R&R erroneous contends that Plaintiff's complaints regarding the abuse of special education students are not covered under the NYSHRL. Notably, NYSHRL covers disability as a protected class, and therefore Plaintiff's complaints to Defendants Mota and DOE regarding the

abuse of disabled children is covered under NYSHRL, which covers not only employment discrimination but also discrimination in schools. (*See* NY Exec. § 296).

The R & R also fails to consider all the complaints Plaintiff alleges in her Pleadings regarding discrimination and retaliation that were made to Defendant Mota, the Unified Teacher's Union, et. based on gender and race discrimination and in retaliation for filing her Notice of Claim, Litigation Hold, and the current lawsuit, in addition to the complaints Plaintiff made regarding the abuse of disabled children by Defendant Eustache.   (*See* AC ¶¶16-17, 148-195).  Plaintiff's complaints about Defendant Eustache were based on a sexual harassment case, which Plaintiff alleges she is wrongfully accused of sexual harassment.  Sexual harassment automatically implies gender discrimination. *Id*.  Plaintiff's fear of further retaliation from Defendant Eustache was real, he was physically threatening students, and placing Defendant Eustache in Plaintiff's classroom was a threat based on the race and gender, basis of the discrimination at the center of the contention.

The R & R similarly ignores the withholding of crucial evidence by Defendants, the refusal to represent Plaintiff in the State litigation and a myriad of ongoing and continual retaliatory acts plead in the Amended Complaint extending from 2018 and continuing to the present. (See AC ¶¶16-17, 148-195).  As such, the argument in the R&R regarding causal connection is flawed as it utterly failed to evaluate and consider the numerous complaints made by Plaintiff regarding differential treatment based on race and gender, the abuse of disabled children, retaliation and persecution based on gender related to sexual harassment. The timeline is continuous and most egregious, affected the cancer treatment of Plaintiff's daughter which was also adequately plead.

Based on the misapplication of law, impermissibly heightened standards applied to the non-movant, the failure to consider the entirety of the pleadings, omitting causes of action, failure

to consider the totality of the circumstances when applying the law and the impermissible finding and weighing of fact, the Court must reject the Report and Recommendation.

### B. Hostile Education Environment

As discussed above, Defendants failed to cite to any case law or facts to reject this claim for which the R & R (see P. 34) seems to ignore this cause of action by stating "[c]omplaints about mistreatment of special education students do not qualify as protected activity…." which diminishes if not ignores the physical threats, alleged drug use, intimidation and other various acts of Eustache, a convicted felon, who somehow was approved to oversee special education students. Even after complaints concerning this and reports of, *inter alia,* watching pornography (by a student) in front of special education students, the R & R erroneously states "Plaintiff should not be able to predicate a retaliation claim on having complained to Mota about being required to work with Eustache," *id.* at 35, after he filed a lawsuit, making false complaints, against Plaintiff LaFia.

### C. Defamation/Slander/Stigma Plus

Plaintiff is not filing a defamation claim for protected statements (cf. R & R P. 47) made in the context of a litigation and, to the extent there was a qualified privilege the R & R erroneously makes legal arguments and resolves factual inferences *against* Plaintiff, and *without argument!*

Defendant's entire argument was "Eustache made claims of sexual harassment, racism, and hostile work environment against the Plaintiff, which were determined to be true so the defamation/slander/stigma plus claims are precluded under doctrine of collateral estoppel." (Def. Mo. to Dismiss, pg, 18) and the R & R seems acknowledges that "DOE Defendants published claims that she was a sexual harasser," R & R P. 48 that were not privileged albeit these claims eventually made their way into administrative proceedings. There is no question, no issue of fact even, that these statements were plead and did happen before any litigation commenced.

That "Eustache made false claims of sexual harassment against her," *id.* at P. 48 (citing AC ¶ 70) is enough at the pleading stage and there was no basis to show a qualified privilege applied because Eustache made those statements in the context of his own discipline: He was being reprimanded for watching pornography in front of special education students. The R & R erroneously creates the fact that Eustache "made them in the context of reporting her supposed misconduct to their employer," when that is not at all the case. R & R p. 49. As stated above, the R & R whether *de novo* or after discovery cannot dispute these facts: Eustache was being reprimanded, not making a complaint subject to a qualified privilege, when he lied about sexual misconduct of others, defaming Plaintiff, to divert his own series of misconduct that was reported by a student: watching pornography in school.

### D.   Federal & Pendant State Law Claims

The R &R erroneously and gratuitously resolved claims against Plaintiff when Defendant failed to cite to **any** case law of fact and solely make a reference to "previous judicial findings" which is assumed to refer to Defendants' collateral estoppel arguments.  (Def. Mo. to Dismiss, pg, 18-19). Plaintiff addresses the following herein but states that the R & R erroneously went further than the relief sought here, acknowledging that "Defendants do not ask the Court to decline to exercise supplemental jurisdiction…" R & R p. 47 without considering that the Defendants *did not ask the Court to dismiss certain claims*. The R & R erroneously drew law and facts against LaFia.

### E.   Malicious Prosecution and Abuse of Process

The R & R did not consider the dismissal of Eustache's state law claims, now all of them by the appeals court, by Eustache, indeed "that suit ultimately terminates in her favor," R & R, P. 54, albeit Eustache continues to seek post-appellate relief. "There are circumstances where a claim for malicious prosecution may arise out of the defendant's malicious commencement or continuation of civil proceedings against the plaintiff. "The elements of the tort of malicious prosecution of a

civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury." *Teller v. Galak*, 162 AD3d 959, 960 (2d Dept. 2018). Eustache brought suit against Plaintiff LaFia that is now dismissed and such claim must survive at the pleading stage. Further, administrative charges were favorably resolved in LaFia's favor:

Further, the R & R adopted and the Defendants erroneously argue that Plaintiff was found "guilty" of sexual harassment, hostile work environment and "racism" although the Hearing Officer explicitly found to the contrary: there is no reason why such claims, too, should not (at the pleading stage at the very least) survive. Plaintiff did not need to appeal that "the hearing officer found that Plaintiff was not guilty of sexual harassment…based on Eustache's participation in the inappropriate texting with Plaintiff and not on the absence of misconduct by her," see R & R p. 51. There is no basis, and indeed no law is cited in the R & R nevertheless by the Defendants, that Plaintiff was required to appeal the precursor of being found not guilty of sexual harassment.

To the extent a collateral objective was not clearly stated (R & R pg. 49-51), Plaintiff will replead and show that Eustache, among others, sought to silence Plaintiff from speaking out, from disciplining Eustache, and, for Eustache personally and specifically, to obtain millions of dollars from the DOE, this employer based on the ruse that he was sexually harassed by Plaintiff LaFia.

It is uncontested that Plaintiff filed a grievance against Mota for retaliating against Plaintiff and issuing false discipline against Plaintiff, which was decided in Plaintiff's favor.  (See AC ¶¶ 91-111).  "The prior judicial proceeding is 'to the plaintiff's injury' if it resulted in interference with the plaintiff's person or property." *347 Central Park Assoc., LLC v. Pine Top Assoc., LLC*, 83 AD3d 689, 690 (2d Dept. 2011).  Plaintiff plead special injuries, (AC ¶¶ 175, 183, 186, 263), clearly tied to this disparagement. As such, Plaintiff has made out her claim for malicious

prosecution and the Court must deny Defendants' motion to dismiss the malicious prosecution claim.

### F.  Abuse of Process

The R & R resolved claims that Defendants simply provided two sentences of case law followed by one conclusory statement. Abuse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective.  *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324, 1326 (1984).  Plaintiff has plead throughout her complaint regarding the retaliatory motive Defendants had for issuing and continuing legal processes against Plaintiff from issuing false discipline, the 3020-a hearing through Eustache's state court action. Furthermore,  abuse of process does not require Plaintiff to plead special damages however, Plaintiff plead special damages throughout her AC.

### G.  Negligence and Negligent Retention/Negligent and or Intentional Infliction of Emotional Distress

The R & R generously decided a claim for which the entirety of Defendants argument regarding the above claims is as follows:   "Negligence claims require the plaintiff to plead and prove that the employer knew about (or reasonably should know about) the offensive conduct but fails to take appropriate remedial action.   *Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 1999 U.S. App. LEXIS 13249 (2nd Cir. 1999).  Plaintiff amended complaint does not plead and she cannot prove any necessary negligence elements." As stated above, whether *de novo* or through evidence, Plaintiff stated and drew such claim given the egregious behavior of Eustache endorsed, approved, and for which LaFia was continually punished for no wrongdoing, up and through the cancer of her child.

Plaintiff respectfully submits that the United States Magistrate Judge should have denied Defendants motion to dismiss the above claims and find that the Defendants have waived their arguments. Plaintiffs respectfully submit that it was error to do otherwise, and the Court should not draw facts and create legal arguments in favor of the moving party, the Defendants on a motion to dismiss on the pleadings.

### H. Prima Facie Tort

As stated above, Defendants provided a two sentence "argument" which consisting on one sentence of law followed by: "Given the other causes of actions commenced by the Plaintiff, she cannot show that no traditional tort provides a remedy."  That the United States Magistrate Judge stated such claim can be replead, as discussed below, Plaintiff will avail themselves of the opportunity incorporating the above arguments.

**POINT III.**
**PLAINTIFF WILL AVAIL ITSELF OF THE REPORT AND RECOMMENDATION ALLOWING IT TO REPLEAD**

To the extent not stated, while Plaintiff notes the above issues with the United States Magistrate Judge's Report and Recommendation, Plaintiff will replead the amended complaint to remedy the Court's identified shortcomings. Plaintiff respectfully reserves its right to provide another pleading, redrafting the amended complaint insofar as stated by the R & R.

**CONCLUSION**

The Court should have found that Defendants have waived arguments on all claims where Defendants' arguments were insufficient and insofar as that the United States Magistrate Judge erroneously drew facts and legal conclusions against Plaintiff at this early pleading stage together with all other relief that this Honorable Court deems just and proper.

Date:  Central Islip, New York
           August 12, 2024                                            Respectfully submitted,

*Cory H. Morris, /S/*

CORY H. MORRIS, ESQ.
The Law Offices of Cory H. Morris
Cory H. Morris, P.C.
863 Islip Ave
Central Islip, New York 11722
*Counsel for Plaintiff*